VULCAN CORPORATION v. INTERNA-
TIONAL SHOE MACHINE CORPORA-
TION et al.

Civil Action No. 4373.

District Court, D. Massachusetts.
Jan. 31, 1946.

Murray, Sackhoff & Paddock and Walter F. Murray, all of Cincinnati, Ohio, and L. G. Miller and Emery, Booth, Townsend, Miller & Weidner, all of Boston, Mass., for plaintiff.

Charles J. Goldman, of Lynn, Mass., for defendant McNichol & Taylor, Inc.

Robert Cushman and Roberts, Cushman & Grover, all of Boston, Mass., for defendants International Shoe Corporation, Jacob S. Maborian, and N. H. Gallagher.

WYZANSKI, District Judge.

This case is before me on defendants' motion for summary judgment. The ground of the motion is that the construction and operation of defendants' shoe last, charged by the complaint to constitute an alleged infringement of Clausing Patent No. 2,065,655, have been agreed upon by the parties; that there is no genuine issue as to any material fact relating to the alleged infringement; and that defendants' shoe last is not an infringement of said patent.

Plaintiff relies only on claim 1 of the patent in suit (R. 8). That claim is in these words:

"A longitudinally expansible shoe last comprising a relatively movable fore and heel part, means connecting said parts and acting to guide their relative movements in a straight line extending longitudinally of the last, toggle means extending between said last parts, said toggle means moving, upon the application of a last expanding force, from an angular position when the last is contracted into a dead center position and slightly beyond when the last is completely expanded, and a stop engaged by said toggle when in its beyond center position thereby to lock the last expanded."

The word "toggle," used in the above claim, has been defined by Knights American Mechanical Dictionary (1877) vol. III, pp. 2585, 2586, as "two rods or plates hinged together, and employed to transmit a varying force by lateral pressure upon the hinge, which is called the knuckle or knee, from obvious analogies." Circuit Judge Denison in Young v. Grand Rapids Refrigerator Co., 6 Cir., 268 F. 966, 968, said: "It is characteristic of a toggle that it should comprise two arms with their ends pivoted together, permitting lateral motion at the pivotal point and longitudinal motion at one or both ends of the arms. Its usual office is to translate lateral into longitudinal motion."

Defendants' accused last consists of a heel portion and a forepart portion which when assembled collectively constitute a shoe last. The heel portion is provided with a pair of substantially horizontal bores in which are firmly fixed two rigid cylindrical guide rods. The forepart portion is provided with a corresponding pair of substantially horizontal bores in which the other ends of the two rigid cylindrical guide rods have an easy sliding fit. The upper guide rod is furnished with a single notch. Into this notch fits a latch device which is held in place by a spring. When the heel and forepart portions of the last are moved apart, the latch slides until it drops into the notch; and when this drop occurs the heel and forepart portions are held rigidly in the extended position. When the latch member is raised, the operator may move the heel and forepart portion together to the contracted position.

This brief description of the accused last is amplified in Plaintiff's Exhibit 2 which is part of the parties' stipulation and is incorporated here by reference.

From the description it is plain that defendants' last does not use a toggle or any other mechanical means for forcing apart the heel and forepart portions of the last. The two sections are extended by hand or other means wholly independent of the last itself. The sections are held in an extended position by a spring-pressed latch which drops into a notch in the upper guide rod when the two sections have reached the extended position. The sections are brought to the contracted position by an operator lifting the latch and pushing the two sections together.

Neither the mechanical structure of the accused latch nor the function or mode of operation of the structure is that defined by claim 1 of the Clausing patent.

The accused structure does not come within the test of equivalency, as laid down in Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935. The accused last has no mechanical means for forcing apart the two sections of the last. Therefore it contains nothing which performs the function of the toggle in arriving at the extended portion of the last. Moreover, in maintaining the extended position, the accused last depends on a common latch, which is an entirely different way from the straightening out of a toggle and the use of a stop to prevent the toggle from collapsing.

Since the accused structure does not contain all the elements of claim 1 (that is, it does not include the toggle and stop) or their equivalents, the accused last is not, and could not be shown by any evidence to be, an infringement.

The remark of Mr. Justice Jackson in Sinclair Co. v. Inter-chemical Corporation, 325 U.S. 327, 330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644, that it "will usually be the better practice" to inquire into the validity of a patent does not imply that in so plain a case of non-infringement as this a trial court should not grant defendants' motion for summary judgment on the ground of non-infringement.

Judgment for defendants with costs.