## SUNLITE MFG. CO. v. CLARVAN CORPORATION.

### Civ. No. 3836.

District Court, E. D. Wisconsin.

Oct. 14, 1947.

Lines, Spooner & Quarles, I. T. Babb and D. A. Fox, all of Milwaukee, Wis. (Gordon F. Hook, of Chicago, Ill., of counsel), for plaintiff.

George W. Wright and Werner J. Trimborn, both of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a patent infringement suit. Plaintiff is the owner of Smith, et al. Patent No. 2,214,824 for "ironing pad," issued September 17, 1940, based on an application filed on March 2, 1939. All four claims of the patent are in issue. The defense is invalidity and non-infringement.

The patent in suit is directed to an ironing pad characterized as including a resilient pad, and a cover associated therewith, which is constructed for the purpose of maintaining the pad in a dry condition during extended ironing operations and to provide for the reflection of heat from the iron into the article being pressed.

The claims of the patent in suit are drawn to the combination of the pad and the laminated cover. Claim 1 appears in the footnote.[1]

In brief, the cover is characterized as being of laminated flexible structure having a layer of fabric as a base, and a coating of waterproof and heat-reflecting material which, according to the claims, comprises the following elements:

Claim 1: Metallic material plus a waterproof adhesive material

Claim 2: Aluminum foil plus a thermo-plastic adhesive

Claim 3: Aluminum material plus a thermo-plastic material

Claim 4: Metallic material plus a thermo-plastic adhesive

The accused device, called "Iron-Aid," consists of thin aluminum foil (.001″ thick-

---

[1] Claim 1: In an ironing device, the combination of a pad of resilient material, a covering for said pad characterized by being waterproof and having heat-reflecting properties comprising a laminated flexible structure including a layer of fabric to at least one of the surfaces of which is applied a coating of waterproofing and heat-reflecting material embodying metallic material as an element in the laminated structure secured to rhe surface of said fabric by said waterproofing material.

ness) attached to a sheet of 60 pound craft paper by means of silicate of soda. It is cut to the size and shape of an ordinary household ironing board. It is used as an insert between a pad and a cover on an ironing board. As manufactured and sold it is a unit without either cover or pad.

Plaintiff claims that the patent in suit is contributorily infringed by defendant, in manufacturing "Iron-Aid" and offering it for sale with instructions to purchasers to use same in a combination which, plaintiff states, is covered by the claims of its patent.

In view of the decision of the Supreme Court in Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376, it may well be doubted whether the doctrine of contributory infringement longer exists as an element in the patent law of this country. I am, of course, aware that some courts have attempted to limit the application of the decision in the Mercoid case to situations where patentees have extended their monopolies beyond the scope of their patents. Detroit Lubricator Co. v. Toussaint, D.C., 57 F.Supp. 837; Girdler Corp. v. E. I. du Pont de Nemours & Co., D.C., 56 F.Supp. 871; Chicago Pneumatic Tool Co. v. Hughes Tool Co., D.C., 61 F.Supp. 767; Hall v. Montgomery-Ward & Co., D.C., 57 F.Supp. 430.

However, in delivering the opinion of the majority in the Mercoid case, Justice Douglas said (page 669 of 320 U.S., page 273 of 64 S.Ct., 88 L.Ed. 376): "The result of this decision, together with those which have preceded it, is to limit substantially the doctrine of contributory infringement. What residuum may be left we need not stop to consider. * * *" The language indicates that at least in the mind of the writer of the opinion, there was doubt whether any residuum existed. In Stokes & Smith Co. v. Transparent-Wrap Mach. Corp., 2 Cir., 156 F.2d 198, 201, the court said in referring to the Mercoid case: "* * * Indeed, it appears from the discussion in the opinions (citing cases) that the doctrine of contributory infringement is itself not wholly free from doubt."

■ However, I do not base my decision herein on whether or not contributory infringement still continues its struggle for existence. I have concluded that the claims of the patent in suit do not read upon the accused device, which merely includes a sheet of metal foil reinforced by a sheet of stiff paper, secured together by an adhesive known as silicate of soda. It is not an improvement in ironing pads, and the defendant neither manufactures nor sells ironing pads. In use, the foil is uppermost and the housewife places this sheet on her ironing board over any cushion she may have. She then covers the ironing board, the pad and the reflecting sheet with a fabric sheet.

■ The patent in suit was allowed over Northrup Patent No. 1,947,613 issued February 20, 1934, and plaintiff's patent must be limited and narrowly interpreted in view of Northrup.

Northrup claims and describes a thin metal waterproof heat reflecting sheet for ironing board. Northrup's metal sheet is waterproof and its primary purpose is the reflection of heat from the iron to conserve electricity, and to hasten ironing action. Defendant's sheet is much closer to Northrup than it is to the claims of the patent in suit. For instance, neither Northrup's sheet nor defendant's sheet can be crumpled in the hand, and returned to its original condition without cracking or creasing, as can plaintiff's pliable fabric covering.

The claims of the patent in suit are of a limited nature: a resilient pad, covering therefor comprising a laminated flexible structure including a layer of fabric, and a coating embodying two elements, namely, a metallic material and a waterproofing material.

It will be noted that each claim of the patent in suit includes the limitation of a layer of fabric. Plaintiff attempts to apply a broad definition of fabric, so as to include the stiff paper which defendant uses as a backing. But plaintiff endeavored to cover paper in his original claims, and such claims were rejected. Defendant's paper backing cannot be considered as fabric.

Plaintiff should be limited to fabric as was contemplated in his claims, specifications, and drawings.

■ Each claim of the patent in suit includes "a coating of waterproofing and heat-reflecting material." Plaintiff should be bound by the ordinary trade definition of "coating," that is, anything that is sprayed, brushed, or spread upon the surface. Plaintiff's commercial articles show a flexible fabric coated or impregnated with a plastic having metallic particles throughout. It is apparent plaintiff recognizes the difference between a layer of fabric and a coating of waterproofing and heat-reflecting material.

Although the evidence was somewhat conflicting, I conclude that silicate of soda is not waterproof. Upon a test the craft paper separated from the sheet of foil to which it was joined with silicate of soda when a sample was immersed in water at room temperature for two hours. Silicate of soda is an inorganic material and not a plastic or thermo-plastic as the term is now generally understood.

I conclude from the foregoing that the claims of the plaintiff's patent do not read upon defendant's device.

■ Although defendant's device does not infringe the claims of the plaintiff's patent, under the admonition of Sinclair and Carroll Co., Inc. v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644, I must pass upon the validity of the patent in suit.

Defendant claims file wrapper estoppel. Plaintiff's application was originally filed with 15 claims, all of which were rejected on the prior art. Plaintiff then cancelled Claims 1 to 15 and added 16 to 20, which were likewise rejected by the examiner, and the application was ready for final rejection. However, plaintiff personally interviewed the examiner and obtained the allowance of the added Claims 19, 21 and 22, while the added Claims 16, 17, 18 and 20 were cancelled. Thereafter a new claim, 23, was also allowed.

■ It is a well established rule of patent construction that claims of a patent cannot by construction be read to cover that which has been eliminated by cancelled claims; also the patentee may not resort to the doctrine of equivalents to give an allowed claim a scope covered by a claim which was disallowed, for the cancellation of such claims amounts to a disclaimer. The claims of a patent should be interpreted in the light of claims that have been cancelled or rejected. Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132. The Supreme Court in the case last cited said (page 218 of 311 U.S., page 238 of 61 S.Ct., 85 L.Ed 132): "* * * Where the patentee in the course of his application in the patent office has, by amendment, cancelled or surrendered claims, those which are allowed are to be read in the light of those abandoned and an abandoned claim cannot be revived and restored to the patent by reading it by construction into the claims which are allowed. * * *"

Claim 10, which was cancelled, read: "As an article of manufacture for ironing devices, a laminated sheet of material comprising a layer of metal foil and a layer of fibrous material attached thereto." The words "layer of fibrous material" undoubtedly would have covered the accused device with its paper backing, but plaintiff is now estopped from preventing defendant from placing a laminated sheet of material, comprising a layer of metal foil attached to a layer of fibrous material, on sale as an ironing device. Maulsby v. Minneapolis Casket Co., 8 Cir., 84 F.2d 107, 109. Likewise cancelled Claims 6 and 13 compel a narrow construction of the claims of plaintiff's patent.

■ If the claims of patent in suit were to be construed broadly enough to read on defendant's device, they would be void. However, I conclude that plaintiff is limited to a complete covering for a resilient ironing board pad made of fabric with a coating of a metallic substance and with a waterproof adhesive. Thus narrowly construed, I hold the patent in suit to be valid.

Defendant's attorney may present proposed findings of fact and conclusions of

law, together with a judgment dismissing the complaint herein, after first submitting them to plaintiff's attorneys.