**HELBUSH et al. v. FINKLE et al.**

**No. 11761.**

United States Court of Appeals
Ninth Circuit.

Oct. 7, 1948.

42

Mason & Graham, Collins Mason and William R. Graham, all of Los Angeles, Cal., for appellants.

Lyon & Lyon and Frederick W. Lyon, all of Los Angeles, Cal., for appellees.

Harris, Kiech, Foster & Harris, Ward D. Foster and Warren L. Kern, all of Los Angeles, Cal., amicis curiae.

Before GARRECHT, MATHEWS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

In an action by appellants (Herman H. Helbush and Monogram Manufacturing Company) against appellees (Donald H. Finkle and Wedgelock Company), appellees were charged with infringing claims 1 and 2 of patent No. 2,364,408 and claim 11 of patent No. 2,365,787, of which patents Helbush was the owner and Monogram Manufacturing Company was a licensee. Defenses pleaded by appellees were that the claims were invalid for lack of novelty and lack of invention, and that, if valid, they were not infringed. Leaving undetermined the question of their validity, the District Court held that the claims were not infringed. It accordingly entered judgment in favor of appellees. This appeal is from that judgment.

▮ Usually, where the question of validity is raised in a patent infringement case, the District Court should determine that question before determining the question of infringement.[1] That course should have been followed in this case.

We do not hold that the question of validity must be determined in every patent infringement case in which it is raised. There may be cases in which non-infringement is so apparent as to make it unnecessary to determine the question of validity.[2] This, however, is not such a case.

▮ The question of validity of the claims here involved cannot properly be determined on this appeal.[3] Such a determination would necessitate findings on questions on which the District Court has made no findings—the question of novelty and the question of invention, both of which are questions of fact.[4] Such findings should be made by the District Court,[5] not by this court.

The judgment is vacated and the case is remanded to the District Court with directions to determine the question of validity of the claims here involved, determine the question of their infringement, make findings of fact and state conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure, and thereupon enter such judgment as may be proper.

GARRECHT, Circuit Judge, participated in the hearing of this case, but died before an opinion was prepared.

---

[1] Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 159 F.2d 590; Oswego Falls Corp. v. American Seal-Kap Corp., D.C.E.D.N.Y., 65 F. Supp. 338; Sunlite Mfg. Co. v. Clarvan Corp., D.C.E.D.Wis., 73 F.Supp. 938.

[2] Vulcan Corp. v. International Shoe Machine Corp., D.C.Mass., 68 F.Supp. 990, affirmed in 1 Cir., 158 F.2d 520; Kennametal, Inc. v. American Cutting Alloys, D.C.Del., 77 F.Supp. 136.

[3] Cf. Pennington Engineering Co. v. Spicer Mfg. Corp., 6 Cir., 165 F.2d 59.

[4] Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., 9 Cir., 151 F.2d 91; Maulsby v. Conzevoy, 9 Cir., 161 F.2d 165; Refrigeration Engineering v. York Corp., 9 Cir., 168 F.2d 896.

[5] Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.