PER CURIAM.
Frank N. Steigleder brought suit for infringement of Letters Patent No. 1,875,184 issued to him on August 30, 1932, based upon the making and/or selling and distributing by the defendants of ball point pens alleged to embody the invention described, and claimed in said patent. Plaintiff filed a bill of particulars in response to a motion by defendants, allowed by the court. Defendants’ answer denied the infringement, and averred that the patent was invalid. There was -a request by defendants for admissions, .to which plaintiff responded. A deposition by Steigleder, taken pursuant to agreement, was filed in the case.
Thereafter, defendants moved for summary judgment, claiming that lack of infringement was established from the plaintiff’s own statements. After hearing, the-district court granted the motion and entered judgment for the defendants. The memorandum of the district court is reported in (1948) 81 F.Supp. 143.
Summary judgment under Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., is' sometimes appropriate in a patent case, at least on the issue of infringement. Where it is apparent that there is no genuine issue of fact bearing on infringement, and the structure and mode of operation of the accused device are such that they may be readily comprehended by the court, and compared with the invention *605 described and claimed in the patent, without the need of technical explanation by the testimony of expert witnesses, then the-court, if satisfied that there is no infringement, should give summary judgment for the defendant, instead of subjecting the parties to the expense of a trial. Summary judgment on this basis was given in Vulcan Corp. v. International Shoe Machine Corp., D.C.D.Mass, 1946, 68 F.Supp. 990, and we affirmed Per Curiam in 1946, 158 F. 2d 520, certiorari denied 1947, 330 U.S. 825, 67 S.Ct. 868, 91 L.Ed. 1275. In our opinion, the case at bar was likewise an appropriate one for the summary judgment procedure. There is nothing we can add to the memorandum of the district court, which fully discusses the issue of infringement and demonstrates to our satisfaction that the .accused fountain pens lack certain of the elements covered by the combination claims in suit, and have a substantially different mode of operation.
The judgment of the District Court is affirmed.