## WEINBERG et al. v. ROGERS IMPORTS, Inc.

United States District Court
S. D. New York.

May 3, 1950.

Mock & Blum, New York City (Asher Blum, New York City, of counsel), for plaintiffs.

Flocks & Simon, Washington, D. C., and Henry W. Pollock, New York City (Karl W. Flocks, Washington, D. C., of counsel), for defendant.

COXE, District Judge.

This is a motion by defendant under Federal Rules of Civil Procedure, rule 56 (c), 28 U.S.C.A., for summary judgment dismissing the complaint.

The complaint is in two counts: (1) For damages for infringement of the Kuhlke Patent No. 2,041,190, issued May 19, 1936, for a dispensing tobacco pouch, and (2) for damages for unfair competition. The answer is in substance a denial, with the usual allegations of invalidity of the patent. Plaintiffs are citizens of New York, and have demanded a jury trial on both counts. Defendant is a New York corporation.

The motion is made upon the pleadings, Patent Office records, an affidavit of defendant's attorney, an examination before trial of Alphonse Weinberg, one of the plaintiffs, and samples of the pouches made and sold by the respective parties. Plaintiffs have submitted in opposition affidavits of their attorney and plaintiff Alphonse Weinberg.

The stated grounds of the motion are non-infringement of the patent and absence of unfair competition. There is no genuine issue as to any material fact.

The Kuhlke patent was purchased by plaintiffs in February 1946, and it discloses a simple dispensing pouch, preferably made of rubber, with a filling opening at the top and a smaller dispensing opening, or mouth, at the bottom. The bottom opening, or mouth, is stated to be made of rubber, or "any flexible or resilient material", molded in a particular oval shape so that the mouth "will normally stand open". An internal expansion spring, with its ends seated at opposite ends of the mouth, and held in place by external metal clips, operates to close the mouth by distorting it and in that way bringing the lips together. In using the pouch the two ends of the mouth are pressed together, causing the mouth to open and permitting a desired amount of tobacco to be discharged, after which the pressure on the ends is relaxed and the mouth returns to its closed position. The invention is described in the specification as follows: "My dispenser will always open for the reason that the mouth portion is made of rubber or equivalent material molded or initially formed so that it will normally stand open, the closing means, which is usually an expansive spring, distorting the mouth from its normal position to bring it into closed position. In former dispensers of this type the mouth is normally closed and the spring merely tends to return the mouth to its normal position."

All three claims are in issue, but Claim No. 3 is typical and broader than the others, reading as follows: "3. A pouch comprising a mouth portion of resilient material which in normal condition stands open, and a spring element tending to distort the mouth toward closed position with the sides in contact."

Among the prior patents listed in the answer is the Kinsey Patent, No. 1,444,-468, issued February 6, 1923, for a tobacco pouch substantially identical with the Kuhlke pouch, except that it is made of leather and does not have a molded mouth which normally stands open. The Kinsey patent was not cited against Kuhlke when his application was under consideration by the Patent Office, but it must have been within Kuhlke's knowledge at the time, as the above-quoted language of the specification shows. However, the file wrapper of the Kuhlke patent contains a statement made by Kuhlke, through his attorney, in which he pointed out that his molded mouth was the only feature distinguishing his pouch from the prior art. This statement reads in part as follows:

"The Examiner seems to have missed the point altogether. The making of pouches with mouth portions which are held together by an expansion spring is old and well known. * * *

"Applicant, however, by molding the rubber mouth portion so that it normally stands open, or is in oval shape, insures that when the spring tension is relaxed, the mouth will always and invariably open because the rubber seeks to return to its normal condition, i. e., *the condition in which it was vulcanized or molded.*"

Defendant's accused pouch is practically identical with the pouch of the Kinsey patent. This also is true of the pouch made and sold by plaintiffs since 1940. Both of these pouches are made of leather, each has an internal expansion spring to hold the dispensing mouth closed, and in both the mouth is made merely by not sewing together the bottom of the pouch. In neither pouch is the mouth portion made of a resilient material, nor is it molded, nor does it stand open when in normal condition.

■ *First.*—Defendant's pouch clearly does not infringe Claim 3 of the Kuhlke patent, for it does not have "a mouth portion of resilient material which in normal condition stands open". Neither does it infringe Claims 1 or 2, both specifying in varying language the molded mouth portion which normally stands open. The facts with respect to infringement are not in dispute, and the case insofar as the first count is concerned is appropriate for summary judgment. Vulcan Corp. v. International Shoe Machine Corp., D.C. Mass., 68 F.Supp. 990, affirmed 1 Cir., 158 F.2d 520, certiorari denied 330 U.S. 825, 67 S.Ct. 868, 91 L.Ed. 1275; Smith v. General Foundry Mach. Co., 4 Cir., 174 F.2d 147; Steigleder v. Eberhard Faber

Pencil Co., 1 Cir., 176 F.2d 604. See also Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir., 181 F.2d 315, decided by the Court of Appeals for this Circuit April 5, 1950.

■ *Second.*—The question remains whether the second count for unfair competition can be maintained under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, there being no diversity of citizenship between the parties. But it has already been shown that plaintiffs, in their tobacco pouch, followed the expired Kinsey patent and took nothing whatever from the Kuhlke patent, which it did not even own until 1946, and it cannot, therefore, be said that substantially the same proof to support the claim for patent infringement would support the claim for unfair competition. Clearly, the Hurn v. Oursler doctrine does not apply, and the court is without jurisdiction over the claim for unfair competition. Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008; Musher Foundation v. Alba Trading Co., 2 Cir., 127 F.2d 9, certiorari denied 317 U.S. 641, 63 S.Ct. 33, 87 L.Ed. 517; Zalkiand v. Scheinman, 2 Cir., 139 F.2d 895.

The motion of defendant for summary judgment in its favor on the first count for lack of infringement is accordingly granted; and defendant's similar motion on the second count for unfair competition is also granted for lack of jurisdiction; with costs to defendant.