**PATENT SCAFFOLDING CO., Inc. v. UP-RIGHT, Inc., et al.**

No. 13086.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1952.

458

C. P. Goepel, New York City (Everett A. Mathews and Thomas E. Haven, San Francisco, Cal., of counsel), for appellant.

Mellin, Hanscom & Hursh, Oscar Mellin, San Francisco, Cal., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellees brought an action against the appellant to recover damages for an alleged patent infringement. Issues as to infringement and validity were raised by the pleadings. The case was tried to a jury which returned a verdict in favor of appellees holding that the patent in question was valid and infringed. Judgment was entered on the verdict, but subsequently appellant moved for judgment notwithstanding the verdict, stating as grounds therefor both that the evidence required a finding that the patent was invalid and that no infringement had been disclosed. The court sustained the motion upon the latter ground, vacated the verdict, and ordered judgment entered for appellant upon findings of non-infringement. From the judgment so entered for the appellant it has appealed, stating in its notice of appeal that it does so because the judgment "(1) fails to adjudicate and determine the issue as to validity of the alleged patent in suit, and (2) fails to adjudicate and determine the issues presented by defend-

ant's counterclaim and grant defendant the relief therein prayed."

The appellees have moved to dismiss the appeal on the ground that appellant is not entitled to a review of a judgment wholly in its favor and that the issue attempted to be raised by the appeal is moot; that the court lacks jurisdiction to consider it, and that this court cannot appropriately determine the issues thus sought to be presented to it.

Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263, was a case in which the defendant in a suit in equity for alleged patent infringement was allowed to appeal from a decree dismissing the bill for failure to prove infringement. The decree had, in addition to its determination of non-infringement, adjudged the claim in issue valid. The Court said, 307 U.S. at page 242, 59 S.Ct. at page 860: "A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree. But here the decree itself purports to adjudge the validity of claim 1, and though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction, as we have held this court has, to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree." The basis of that decision was that once it was determined that there was no infringement, the question of validity had become moot.[1]

Appellant is not in that situation here. There is no determination of validity in this judgment. Rather, appellant is complaining because the judgment did not, in addition to the holding of non-infringement, contain a determination that the patent was invalid. Appellant says that the failure of the court to base its judg-

---

1. "To hold a patent valid if it is not infringed is to decide a hypothetical case." Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 1117, 87 L.Ed. 1450.

ment in its favor on this additional ground, makes appellant an aggrieved party, since leaving the question of validity open permits appellee to use the patent for further harassment of appellant. It is also asserted that by its counterclaim appellant presented the issue of validity which it was the duty of the court to pass upon, and that by this appeal appellant is entitled to present that contention.

As an authority to sustain its right to appeal appellant cites the case of Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, at page 330, 65 S.Ct. 1143, at page 1145, 89 L.Ed. 1644, where the Court said: "There has been a tendency among the lower federal courts in infringement suits to dispose of them where possible on the ground of non-infringement without going into the question of validity of the patent. * * * It has come to be recognized, however, that of the two questions, validity has the greater public importance, Cover v. Schwartz, 2 Cir., 133 F.2d 541, and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent." Appellant says that it is aggrieved because the court failed to follow this "better practice".

In Altvater v. Freeman, supra, note 1, the Supreme Court had before it a case in which the court of appeals, in an effort to follow Electrical Fittings Corp. v. Thomas & Betts Co., supra, had stricken from the district court decree which found no infringement, other portions which held the patents in suit invalid.[2] The court of appeals ruled that when the district court found no contract of license and no in-

fringement, the other issues became moot. But the Supreme Court granted certiorari to the party thus held not to have infringed, and reversed the decision of the court of appeals upon the ground that the petitioner was entitled to a determination of the question of validity under his counterclaim, which raised the issue. The court held that this created a genuine controversy, saying, 319 U.S. at page 364, 63 S.Ct. at page 1118: "That controversy concerned the validity of the reissue patents. Those patents had many claims in addition to the single one involved in the issue of infringement. And petitioners were manufacturing and selling additional articles claimed to fall under the patents"

The appellant's counterclaim here does not afford it like standing, not only because of its dearth of allegations of facts bearing upon the question of validity,[3] but because the record shows that all of the claims of the patent here involved were put in issue by the complaint and answer, and the finding of non-infringement goes to all of them. Nor is there any allegation or assertion of any manufacture or sale by appellant of any articles other than the ones found not to infringe. In this respect the case differs from Altvater v. Freeman, supra.[4]

Apart from the question of whether a party, who, like appellant, has been successful in the district court, may nevertheless appeal, the courts of appeals have had some difficulty in arriving at a conclusion as to just how mandatory is the procedure suggested as the "better practice" in Sinclair & Carroll Co. v. Interchemical Corp., supra.

2. The suit was one for specific performance of a license agreement and for an injunction against manufacturing devices alleged to infringe the patent. The district court found no contract of license and no infringement.

3. The counterclaim was purportedly filed under the Declaratory Judgment Act, but its allegations were limited to (1) allegations that no infringement occurred or was possible and (2) that the filing of the suit had injured appellant's trade standing. One paragraph of the prayer asked that the patent be held invalid.

4. If appellant's point respecting its counterclaim were well taken, we might be confronted with a situation where the decision "adjudicates less than all the claims", and in the absence of "an express determination that there is no just reason for delay" as required by Fed. Rules Civ.Proc. Rule 54(b), 28 U.S.C.A., there might be a question as to whether the judgment was final. Cf. Canister Co. v. National Can Corporation, 3 Cir., 163 F.2d 683.

In Pennington Engineering Co. v. Spicer Mfg. Corporation, 6 Cir., 165 F.2d 59, 61, the plaintiff in a patent infringement action appealed from an adverse judgment which was based upon a finding of non-infringement. The court of appeals agreed that the accused devices did not infringe. But, citing as its authority Sinclair & Carroll Co. v. Interchemical Corp., supra, the court said: "While the master made careful and elaborate findings and conclusions, he did not rule upon validity. We deem it our duty to consider this question." [5]

The language above quoted from the Interchemical case has frequently been commented upon by the Court of Appeals for the Second Circuit. In Harries v. Air King Products Co., (supra, note 5), after discussing the Electrical Fittings case and Altvater v. Freeman, supra, that court said, 183 F.2d at page 162, 163: "The passage we have just quoted from Sinclair & Carroll Co. v. Interchemical Corp., supra, was certainly not put in the form of a peremptory direction, but rather of a cautionary admonition, to be followed when that is the more convenient course * * *. The defence for always deciding it first, is that, if the claim be invalid, it should not be allowed to stand as a 'scarecrow'; and that is quite true, granted the premise. * * * We hold that it is open to a court to proceed as is most convenient, subject to the exception that, though the defendant has not infringed, claims may be so evidently invalid that the court should so declare."

This decision was cited with approval in separate opinions handed down by a very much divided court in Wabash Corp. v. Ross Electric Corp., 2 Cir., 187 F.2d 577. There the trial court had held the claims of a patent were not infringed, but it also "tentatively held" that the claims were valid, but the findings of validity were not carried into the decree. This procedure met with the approval of Judge Chase, who said, 187 F.2d at page 581: "Thus there was an investigation and determination as to validity to comply with the above mentioned better practice, which the record affirmatively disclosed, without the error of adjudging any claims valid which, even if valid, would not have been infringed." Thus, he felt that the inquiry into validity satisfied the "better practice" requirement of Interchemical, and leaving the reference to validity out of the decree was an adequate recognition that this issue was moot, as held in Electrical Fittings. It was thought that such a "tentative" finding was necessary in order to permit the appellate court properly to supervise and assure compliance with the "better practice".

Judge Frank disagreed. He thought that in the circumstances, the finding of validity, although not incorporated in the judgment or decree, must nevertheless be expunged, for it is still "a decision of a hypothetical case", and as such contrary to Electrical Fittings. His view was that a court must always, whether or not infringement is found, declare a patently invalid "scarecrow" or "zombi" patent, to be invalid. He concluded, 187 F.2d at page 600: "As I see it, the Supreme Court has developed these two distinct and entirely compatible policy considerations in patent litigation: (a) to protect the public, patents that are obviously 'scarecrows' or 'zombis' should be held invalid, when possible. (b) In order to protect not only the defendants but also—in the public interest—others who may later be sued for infringement or threatened with infringement suits; a court should never find or state that a non-infringed patent is valid."

In Helbush v. Finkle, 9 Cir., 170 F.2d 41, this court's disposition of the appeal would indicate an agreement with the quoted language of Judge Chase. There this court said, 170 F.2d at page 42: "Leaving undetermined the question of their validity, the District Court held that the claims were not infringed. It accordingly entered judgment in favor of appellees. This appeal is from that judgment.

5. The Court of Appeals for the Second Circuit has said of this case: "One court has read this [i.e., the language above quoted from the Interchemical case] as a direction always to decide the issue of validity * * *." Harries v. Air King Products Co., 183 F.2d 158, 162.

"Usually, where the question of validity is raised in a patent infringement case, the District Court should determine that question before determining the question of infringement. That course should have been followed in this case." As authority for this statement, Sinclair & Carroll Co. v. Interchemical Corp., supra, was cited. Thus this court required that the trial court examine and make findings upon the question of validity notwithstanding it had found non-infringement.[6]

The precise question now presented to us is, so far as we can ascertain, entirely novel. It involves the question of the right of the appellant to call upon us to make or require additional findings upon the question of the validity of appellee's patent.

■ The presumption of regularity which ordinarily attaches to the performance of official duty requires us to assume that the trial court followed the "better practice"; that when it ruled upon appellant's motion for judgment n. o. v., it first decided it could not sustain the motion on the ground that the patent was invalid, and then found the motion good on the basis of want of evidence of infringement.

Does appellant have standing to require us to consider whether the trial court should have held the patent obviously invalid, and hence have sustained the motion for judgment on that ground also?

■ Actually the trial court did follow the "better practice" as nearly as that is possible when the issues are submitted to a jury. The jury did find the patent valid. The court then found that the accused device did not infringe. Under the decision in Electrical Fittings, this finding of non-infringement, which has now, because there has been no cross-appeal, become unquestionable, requires that any determination that the patent was valid, whether arrived at by court or jury, be expunged.

Necessarily the determination of non-infringement upon the motion for judgment non obstante, required that the verdict be set aside in its entirety. There is nothing up to this point by which appellant could be aggrieved.

■ A court may, we assume, find a patent *both* invalid and not infringed. Had such a verdict been returned here the propriety of entry of a judgment thereon could not be questioned. If it be assumed that the evidence disclosed that the patent was so inadequate that a verdict of validity must be set aside, the court might properly have sustained appellant's motion for judgment on both grounds urged. Upon this appeal we think appellant has no standing to require us to inquire whether the trial court should have based its judgment in appellant's favor upon two grounds, rather than upon one.

■ We find nothing in Interchemical that suggests otherwise. Thus, although the judges in Wabash Corp. v. Ross Electric Corp., supra, disagreed in many particulars, they agreed in quoting at length and with approval, what the same court had said in Harries v. Air King Products Co., supra, 183 F.2d page 162, including the statement: "The passage we have just quoted from Sinclair & Carroll Co. v. Interchemical Corp., supra, was certainly not put in the form of a peremptory direction, but rather of a cautionary admonition, to be followed when that is the more convenient course". This is in accord with what this court said in Helbush v. Finkle, supra. 170 F.2d at page 42. "We do not hold that the question of validity must be determined in every patent infringement case in which it is raised. There may be cases in which non-infringement is so apparent as to make is unnecessary to determine the question of validity." Here, where neither party questions the finding of non-infringement, we have just such a case.

---

6. This is the sort of thing Judge Chase would approve (providing any finding of validity on remand was not carried into the judgment). Judge Frank would say, if we understand him, that if the patent was a "scarecrow" or a "zombi", which we could determine as well as the trial court, we should so state, but that a finding of validity after remand would be improper.

The reason for the "cautionary admonition" is indicated by the reference in the language quoted from the Interchemical case to the "greater public importance" of the question of validity, and this is made further apparent by the citation of Cover v. Schwartz, 2 Cir., 133 F.2d 541, at page 545, in which it is said: "Indeed, since the public is affected, there is much to be said for a decision in such a case as to the invalidity of the alleged patent monopoly (either alone or in conjunction with a decision of non-infringement) whenever the issue of invalidity is before the court and the evidence warrants such a decision. For a decision as to invalidity will tend to discourage suits against others based on that patent, and mere threats of patent suits, due to the expense of defending such litigation, may often prevent lawful competition which will be in the public interest; the desirability of a decision as to invalidity is especially important because it is the general rule that the government cannot bring suit to have a patent declared invalid, except for fraud inducing its issuance (and perhaps in other unusual circumstances which need no discussion here)."

Appellant's interest in the carrying out of the "cautionary admonition" designed to protect the public interest is no different than that of any other member of the public.

We think an appeal, such as that here attempted, does not lie.

Appeal dismissed.