**Jorgen V. KIERULFF, Appellant,**

v.

**METROPOLITAN STEVEDORE COMPANY, Appellee.**

No. 17638.

United States Court of Appeals
Ninth Circuit.

March 14, 1962.

Ashley Stewart Orr, Los Angeles, Cal., and John M. Calimafde, New York City, for appellant.

Whann & McManigal, Los Angeles, Cal., James M. Naylor, San Francisco, Cal., for appellee.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

POPE, Circuit Judge.

The appellee has moved the court for an order striking points 2 to 8, inclusive, and point 10, from appellant's statement of points on appeal. The motion recites that it is based on Rule 75(e) and (h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Examination of the memorandum filed in support of the motion indicates that the motion is based upon the appellee's contention that this court is not in a position to consider or pass upon any of the matters referred to in the points mentioned.

The pretrial order in this case discloses that this was an action for damages and injunction against further infringement of a designated patent issued to and owned by the plaintiff who is appellant here. Questions as to the validity of the patent, and as to the alleged infringement, were made issues by the pretrial order as well as the claim of defend-

ant that he had a license under the patent in suit to make, use or sell the patented structure. Evidence upon all these issues was received by the trial court.

In deciding the case, the trial court held that the plaintiff had granted to defendant an implied license in the nature of "shopright". The court further held: "4. The Court having decided that plaintiff has granted an implied license to defendant, does not reach the issue as to whether the accused device built by defendant would otherwise constitute an infringement, and further, does not reach any of the issues raised as to validity." Plaintiff's complaint was dismissed, and defendant's counterclaim for implied license was sustained.

Upon appeal plaintiff, now the appellant, filed a statement of points on appeal. Points 2 to 8, inclusive, referred to in the motion now before us, specify certain errors of the court in failing to make certain findings in support of the plaintiff's claim of validity of the patent, Point 10, referred to in the motion, is a statement of the court's alleged error in failing to hold that the defendant's accused device infringed certain claims of the patent in suit. The plaintiff appellant designated certain portions of the record to be used on appeal including the pleadings, the pretrial order, answers and requests for admissions, the findings, the judgment, and the entire transcript of trial proceedings plus certain named exhibits. The defendant appellee designated additional portions of the record to be certified to this court, the effect of which was to include in the record on appeal the entire record in the district court.

We note in a preliminary way that this motion is not by its express terms precisely within the provisions of either Rule 75(e) or Rule 75(h). Rule 75(e) calls for the abbreviation of the record on appeal by elimination of certain matters from the record which are not essential to the decision of the case. Rule 75 (h) grants the court power to order the correction of errors, omissions or misstatements in the record. The appellee's motion, by its terms, requests not that

any portion of the record be eliminated but rather that certain designated points on appeal listed by the appellant should be stricken.

It would appear that this is a motion asking us to rule at this time that the parties shall not be permitted to argue or present to the court on this appeal the matters referred to in the indicated Points. In that sense it has some aspects of a piecemeal presentation of the appeal.

We also note in a preliminary way that the motion is not directed to point one of the appellant's statement of points which reads as follows: "The district court erred in failing to rule on the issues of validity and infringement." It would seem that if this remains a point for argument on appeal, appellee would gain little by having stricken the other points which relate to the question of validity.

Although no case precisely in point has been called to our attention by either of the parties, it is suggested here that the rule of the case of Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644, should have been taken into account by the court below. That is the case in which the Supreme Court stated that where a trial court in a patent infringement suit has before it the questions of validity of patent and whether there has been infringement by the accused device, the better practice for the district court is that it should determine the question of validity before determining the question of infringement.

We assume that in this case where the trial court had before it the three questions, namely, the validity of the patent, the alleged infringement, and the claim of implied license, it could be said that the better practice would be for the court to determine the question of validity before passing upon other questions.

In Helbush v. Finkle, 9 Cir., 170 F.2d 41, this court treated the language of Sinclair Co. v. Interchemical Corp., supra, as making it mandatory that a trial court

in a patent infringement suit should generally first make findings and determination upon the question of validity. Accordingly, in that case, where the trial court had held that the claims were not infringed but left undetermined the question of their validity, this court, without passing upon the question decided in the trial court, vacated the judgment and remanded the cause with directions to determine the question of the validity of the claims involved.

In our later case of Patent Scaffolding Co. v. Up-Right, Inc., 9 Cir., 194 F.2d 457, we had occasion to refer to Helbush v. Finkle, supra, and to comment upon the question of just how mandatory is the procedure suggested as the better practice in Sinclair Co. v. Interchemical Corp., supra. There appears to be some difference of opinion on this question in other circuits. In Harries v. Air King Products Co., 2d Cir., 183 F.2d 158, 162, the court noted that the language of the Supreme Court decision referring to the "better practice" was not "put in the form of a peremptory direction but rather of a cautionary admonition to be followed when that is the more convenient course." What was said in that case was in accord with the following language used by this court in Helbush v. Finkle, supra, (170 F.2d at p. 42): "We do not hold that the question of validity must be determined in every patent infringement case in which it is raised. There may be cases in which non-infringement is so apparent as to make it unnecessary to determine the question of validity."

At this stage we are not sufficiently informed about the merits of the case to express any present view as to whether this case should be dealt with in the manner in which this court disposed of Helbush v. Finkle. Appellee, who might conceivably contend here that the lower court should have decided in its favor on the ground of invalidity of the patent, claiming that it ought not to be allowed to stand as a "scare-crow" or "zombie" patent, is not making any contention to that effect. And if we should sustain the trial court's findings in this case, it is a bit difficult to understand how the appellant can complain about the court's failure to act upon the question of the validity of his patent.

Our difficulty in deciding whether we should by granting appellee's motion make a piece-meal disposition of certain issues sought to be raised on appeal is that at this stage we are not able to foretell what action we should take with respect to the court's finding of an implied license. The chances are that if we should reverse the trial court's determination that the defendant had such a license, we would then be obliged to remand the case for determination of the issues of invalidity and infringement.[1] For aught that we know at this time the appellant may be prepared to argue to us (1) that the court erred in finding there was an implied license; and (2) that the evidence as to validity is so clear and uncontrovertible that we ought to reverse and remand with directions to enter a judgment finding the patent valid.[2] Under the provisions of Title 28, § 2106, this court would have the power when the circumstances warrant it, to "direct the entry of such appropriate judgment * * * as may be just under the circumstances."

At this stage of the proceeding it would seem probable that if we were to reverse the judgment as to the implied license, we would remand the case for further find-

[1.] If the case had to go back for that purpose it might furnish an illustration of what the Supreme Court may have had in mind in making its statement with respect to "better practice". At the time of such a remand it would seem to be unfortunate that the trial court had not previously made findings on these other issues at a time when the court had just completed receiving testimony thereon and presum- ably was best prepared to resolve those issues.

[2.] Or, the argument might be, that the evidence both as to validity and infringement, is so overwhelming and uncontrovertible, that we should reverse and direct judgment be entered for the appellant.

ings on the issues of validity and infringement. But we do not know that such will be the case. We must assume on the basis of our present knowledge that the appellant has the right to argue on this appeal, just as indicated above, that we should not only reverse on the question of the implied license, but also remand with directions to enter judgment for the appellant on the ground that the evidence is so clear, and uncontrovertible that there is nothing further open to the determination by the trial court.[3]

It is our opinion that at this time we cannot rule that the points on appeal referred to may not be argued on this appeal. The motion is denied.

---

3. In Marchus v. Druge, 136 F.2d 602, 9 Cir., this court undertook to pass upon the validity of a patent there involved, notwithstanding the trial court had not passed on this question, because it found no conflict in the evidence upon the issue. There the court found the patent infringed; but in respect to the court's power to determine the issue of invalidity, it said: "We believe the better view gives the appellate court the right to investigate the question of invalidity, providing all the evidence is before it and where, as is true in this case, there is no conflict in the evidence upon the issue." It held the patent invalid. For a somewhat similar case see Muncie Gear Co. v. Outboard Co., 315 U.S. 759, 62 S. Ct. 865, 86 L.Ed. 1171. The latter case suggests that if we reversed the trial court's finding of a license we could find the patent invalid if the record compelled such a determination, regardless of appellee's failure to present that issue.