**COE MANUFACTURING COMPANY, a Corporation, Appellant,**

v.

**JEDDELOH BROTHERS SWEED MILLS, INC., et al., Appellees.**

**JEDDELOH BROTHERS SWEED MILLS, INC., et al., Cross-Appellants,**

v.

**COE MANUFACTURING COMPANY, a Corporation, Cross-Appellee.**

No. 17055.

United States Court of Appeals
Ninth Circuit.
June 29, 1962.

Buckhorn, Cheatham & Blore, Orme E. Cheatham, Kenneth S. Klarquist, Krause, Lindsay & Nahstoll and Gunther F. Krause, Portland, Or., Hudson, Boughton, Williams, David & Hoffmann and James T. Hoffmann, Cleveland, Ohio, for appellant.

Ramsey & Kolisch, J. Pierre Kolisch and M. H. Hartwell, Jr., Portland, Or., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and WALSH, District Judge.

WALSH, District Judge.

Involved herein are appeals in a patent case concerning Parker Patent No. 2,-649,182 and Reissue thereof No. 24,638, which relate to an apparatus for the feeding of veneer to a multiple-deck conveyor-type veneer dryer. The district court had jurisdiction under 35 U.S.C. § 281 and 28 U.S.C. § 1338(a); and jurisdiction in this court is found in 28 U.S.C. §§ 1291 and 1294(1).

The case began below when appellant filed a complaint charging appellees with infringement of the original Parker patent. Appellees answered denying in-

fringement and alleged affirmatively invalidity of the Parker patent, including allegations of anticipation and lack of invention over certain prior art patents. Thereafter, appellant filed in the United States Patent Office application for reissue of the Parker patent and, on April 21, 1959, Parker Patent Re. 24,638 was reissued by the Patent Office. Promptly following this action by the Patent Office, appellant filed a supplemental complaint substituting the reissue for the original patent. Appellees answered the supplemental complaint, again denying infringement and, in addition, alleging affirmatively (a) anticipation, (b) that what Parker had done did not amount to invention in view of the state of the art to which his apparatus pertained, and (c) that the reissue patent was not authorized by law, but if it were, its enforcement against appellees would be inequitable in view of the fact that appellees had acquired intervening rights by continued manufacture of their accused machine. In addition to their answer to the supplemental complaint, appellees filed a counterclaim praying for a declaratory judgment adjudging the Parker patent to be invalid upon the grounds of (a) anticipation, (b) that Parker's work did not amount to invention in view of the state of the art, and (c) that the reissue patent was not authorized by law. Appellant filed a reply denying the claims of invalidity asserted in the counterclaim.

As filed, the supplemental complaint charged appellees with infringement of all twenty-five claims of the Parker patent; but on pretrial hearing the charge of infringement was limited to nine claims of that patent, and at trial appellant limited its charge of infringement to "Claims 3, 5, 7 and 17 of the Reissue Letters Patent No. 24,638". The court below, sitting without a jury, found that none of Claims 3, 5, 7, and 17 were infringed and stated that, because non-infringement was clear to him, he assumed the validity of the Parker patent. Findings of fact and conclusions of law appropriate to the issues of infringement

were entered but no findings or conclusions appropriate to the issue of validity were made. Judgment was entered dismissing both the supplemental complaint and appellees' counterclaim. Appellant appealed from the entire judgment below and appellees cross-appealed from the portion of the judgment which dismissed their counterclaim.

■ Our study of the record causes us to conclude that the question of infringement of the claims in issue is a close one, at least with regard to Claim 17. At all events, non-infringement is not readily apparent or perfectly clear; hence, the question of the validity of the claims should have been determined by the trial court. Helbush v. Finkle, 170 F.2d 41 (9 Cir., 1948); Specialty Equipment Machinery Corp. v. Zell Motor Car Co., 193 F.2d 515, 520 (4 Cir., 1952). We cannot properly determine validity of the claims on this appeal since no findings were made below with regard to the fact questions of what the prior art was and what Parker did to improve upon it.

■ Further, it was not proper for the trial court to dispose of the issues made by the counterclaim and the reply thereto merely by assuming the validity of the Parker patent and dismissing the counterclaim. Although appellant had limited its charge of infringement in this action to Claims 3, 5, 7, and 17 of the Parker patent, the counterclaim sought a declaratory judgment that "United States Reissue Patent No. 24,638" was invalid. The relief sought by the counterclaim was an adjudication that the Parker patent and all its claims were invalid, and a finding of non-infringement as to some of the claims of the patent did not warrant the action of the trial court in making no findings or conclusions as to validity but assuming validity and dismissing the counterclaim. Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L.Ed. 1450, 1453 (1943).

The judgment is vacated and the case is remanded to the district court with directions to determine the question of the validity of the Parker patent, determine the question of infringement of

Claims 3, 5, 7, and 17 of such patent, make findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C. and enter an appropriate judgment.