**YARDLEY CREATED PRODUCTS CO.,**
Plaintiff-Appellee,

v.

**CLOPAY CORPORATION,** Defendant-Appellant.

No. 14144.

United States Court of Appeals
Seventh Circuit.

Nov. 4, 1963.

Rehearing Denied Dec. 18, 1963.

———◆———

Byron, Hume, Groen & Clement, Chicago, Ill., Wood, Herron & Evans, Cincinnati, Ohio, Attorneys for defendant-appellant.

Truman A. Herron, Cincinnati, Ohio, Henry L. Brinks, Chicago, Ill., James S. Hight, Cincinnati, Ohio, for appellant.

Thomas E. Dorn, Chicago, Ill., Wallace, Kinzer & Dorn, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellee, Yardley Created Products Co. (sometimes hereinafter called "Yardley"), brought action in the United States District Court for declaratory judgment that Reissue Letters Patent Re. 25,112, owned by defendant-appellant, Clopay Corporation, (sometimes hereinafter called "Clopay") is not infringed by the folding doors manufactured by Yardley, and is invalid and void. Clopay filed its answer and counterclaim denying the allegations of Yardley's complaint and charging Yardley with infringement of Clopay's patent.

On the basis of the pleadings, affidavits, a deposition, documentary and physical exhibits, answers to interrogatories and requests for admissions, plaintiff secured a summary judgment in the District Court holding that the patent claims are not and have not been infringed by Yardley's folding door. Clopay's counterclaim was dismissed. The District Court ruled that the issue of the validity of the patent was moot in the absence of infringement. This appeal followed.

It is Yardley's position that the claims of the patent are the sole measure of the scope of its protection, and that a direct comparison of the patent claims with Yardley's accused door will negative infringement. Yardley points to wording in the claims requiring the use of slides or other mounting means, mounted on stiffening panels for the door, and supporting the panels from a lintel track, with the door cover supported on the stiffening panels. Yardley argues that these claim limitations are not met in Yardley's accused door in which the door cover is said to be supported directly from the lintel track, independently of the stiffening panels, with the panels bonded to and supported by the cover. Yardley's description of the structure is contested by Clopay who asserts that the Yardley door cover is in part, at least, supported by the stiffening panels to which it is bonded.

Yardley further contends that Clopay is precluded from resort to the doctrine of equivalents (which Yardley deems inap-

plicable here in any event) by file wrapper estoppel arising from cancellation of the original patent as invalid in order to obtain the reissue patent in suit. Yardley also asserts that this cancellation of broader claims was carried out in specific acquiescence with a judicial decision declaring the original broader claims to be invalid.[1] Yardley argues that estoppel is further supported by cancellation of additional broad claims submitted in the reissue application.

The litigation in question, however, did sustain the validity of several of the original claims, and Clopay contends that these original claims also read on Yardley's door.

Nevertheless Yardley asserts that there were no genuine issues of material fact, and that summary judgment was appropriate in this action. Yardley characterizes the alleged fact issues raised by Clopay as, in reality, pure questions of law involving claim interpretation and file wrapper estoppel as applied to evidentiary facts which are complete on the record.

Plaintiff agrees that, as suggested by Clopay, summary judgment is infrequently granted in patent actions. But plaintiff argues that the simplicity of the devices here involved renders expert opinion testimony of little value; that the Court has before it the prosecution history of the patent and the litigation on which the reissue was based.

As appellant points out, neither party, nor the Court, has found a reported Court of Appeals case in which summary judgment has been affirmed when awarded for non-infringement unless there was a clear omission of one or more elements, a substantially different mode of operation, or a clearly shown file wrapper estoppel. Both Steigleder v. Eberhard Fa-ber Pencil Co., 1 Cir., 1949, 176 F.2d 604, cert. den. 338 U.S. 893, 70 S.Ct. 244, 94 L.Ed. 548, (cited by plaintiff) and Vulcan Corp. v. International Shoe Machine Corp., District Court, Mass., 1946, 68 F. Supp. 990, affd. Per Curiam, 1 Cir., 1946, 158 F.2d 520, cert. den. 1947, 330 U.S. 825, 67 S.Ct. 868, 91 L.Ed. 1275, cited in Steigleder, fall within that class. The patent in Steigleder concerned a liquid ink eraser for pocket fountain pens and desk fountain pen sets which used the principle of a ball valve. The accused devices were ball point pens having a substantially different mode of operation without valve action. In Vulcan, the accused shoe last did not contain all the elements of the claim or their equivalents. No such clear case is here presented.

Yardley does contend, as indicated, that we do have a case of file wrapper estoppel before us. But the issue of file wrapper estoppel presents factual questions. The record before us does not disclose the position the patent occupies in the art to assist us, or the District Court, in determining the scope of the claims or their application to the accused device. The prior art is not a part of the record. Nor is the file wrapper history from which the original claims resulted. It does not appear that estoppel can be asserted with respect to application of the doctrine of equivalents to the original claims, particularly those which have been held valid in the prior litigation. The doctrine of equivalents presents issues of fact which cannot be ignored. The parties are agreed that under the Federal Rules of Civil Procedure, Rule 56(c), summary judgment is appropriate only where there is no genuine issue as to a material fact and movant is entitled to judgment as a matter of law. American

1. Yardley here refers to Civil Action No. 14505, Collins v. Underdown Plywood Co., an unpublished decision of the U. S. District Court for the Eastern District of Michigan, Southern Division, entered June 28, 1957, copy of which was an exhibit in the District Court in this case. In the Underdown case, claims 6, 9 and 10 of the original patent were held valid and infringed and claims 1–5, 7, 8 and 11 invalid. In a prior case of which Clopay asks us to take judicial notice, Collins v. Kraft, District Court, Md., 1956, 144 F.Supp. 162, claim 10 of the original patent was found valid and infringed.

Securit Co. v. Hamilton Glass Co., 7 Cir., 1958, 254 F.2d 889, 892.

The judgment entered in the District Court must be reversed and the cause remanded for trial and such other proceedings as will appear proper.

Reversed and remanded.