TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

R. E. McMULLIN, Appellee.

No. 12828.

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1955.

Rehearing Denied June 1, 1955.

Lewright, Dyer, Sorrell & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Caldwell, Baker & Jordan, Robert Woodruff, Dallas, for appellee.

### W. O. MURRAY, Chief Justice.

This is a workman's compensation case in which R. E. McMullin sued Texas Employers' Insurance Association, seeking to recover compensation for total and permanent disability due to an alleged back injury.

The trial was to a jury and, in keeping with the jury's answers to the special issues submitted, judgment was rendered in plaintiff's favor allowing compensation for 24 weeks total incapacity, followed by 65% permanent partial disability for 300 weeks, from which judgment Texas Employers' Insurance Association has prosecuted this appeal.

Appellant's first point is that the trial court did not properly place the burden of proof in Special Issue Number Nine. The special issue reads as follows:

"Do you find from a preponderance of the evidence that such partial incapacity, if any, was or is temporary or permanent?"

The jury answered, it was "permanent."

Before answering Special Issue Number Nine, which was conditionally submitted, the jury had found, by answers to Special Issues Nos. 1 through 8, as follows: (1) Appellee had sustained an injury to his back. (2) It was sustained in the course of his employment with Stice Drilling Company. (3) It resulted in his incapacity to work in some percentage and for some length of time. (4) The incapacity was total for a length of time. (5) The total incapacity was temporary. (6) The total incapacity has continued for 24 weeks. (7) The incapacity of appellee to work was partial for a length of time. (7-A) The partial incapacity began on May 26, 1953. (8) The

partial incapacity was sixty-five per cent. Then followed Special Issue No. 9, which was answered "Permanent," as above stated.

It is perfectly apparent that the partial incapacity was, and of necessity had to be, fully established before the jury was required to answer this issue. There could be only two answers, this partial incapacity was either permanent or temporary, it had to be one or the other.

Rule 277, T.R.C.P., reads in part as follows:

"* * * For example, the court may, in a workmen's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled. Where practicable, all issues should be submitted in the affirmative and in plain and simple language. It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon. * * *"

The only variance of Special Issue No. 9, from the issue suggested in the rule, is that "temporary" precedes "permanent" and the word "only" is omitted before the word temporary. Appellant's objection to the issue did not specifically point out this variance, the only objection made being that the burden of proof was not properly placed. The issue, when considered in the light of the objection made, properly placed the burden of proof. See Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Texas Employers' Ins. Ass'n v. Henthorn, Tex.Civ.App., 240 S.W.2d 392; Texas Employers' Ins. Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302; Texas Employers' Ins. Ass'n v. Pillow, Tex.Civ.App., 268 S.W.2d 716; Stone v. Texas Employers' Insurance Ass'n, Tex., 273 S.W.2d 59; Commercial Standard Ins. Co. v. Brock, Tex.Civ.App., 167 S.W.2d 281.

■ Furthermore, appellant did not submit to the court a substantially correctly worded issue in connection with its affirmative defense of temporary rather than permanent injury, nor did it request an explanatory instruction setting out the burden of proof in connection with Special Issue No. 9, and is therefore not in a position to complain that its affirmative defense was not submitted nor that a separate instruction on the burden of proof in Issue No. 9 was not given. We do not intend to intimate, however, that had appellant submitted a substantially correct issue of its affirmative defense it should have been given in addition to Issue No. 9. We feel that Wright v. Traders & General Ins. Co., supra, is to the contrary. See Rule 279, T.R.C.P.

■ Appellant next contends that the court erred in permitting Dr. Ben L. Schoolfield to testify because his testimony was based in part upon subjective symptoms related by the appellee. The attorney for appellant was permitted to examine Dr. Schoolfield on a voir dire examination, as to the basis of his testimony, and in addition to this he cross-examined the doctor at great length after he had testified. From this evidence it is clear that while Dr. Schoolfield was examining appellee not for the purpose of treatment but for the purpose of making a report and testifying if necessary, he did not base his testimony upon the hearsay statements of the appellee, but rather upon his objective findings. The doctor testified that the only statement made by appellee which he relied upon was as to the part of his body which was to be examined. The doctor testified that he gave the patient a bending exercise, which consisted of standing with his knees stiff and attempting to touch the floor with his fingers, and that the patient was unable to bend forward as far as an ordinary person should be able to, and that from his training as a doctor and his long experience in examining patients he was able to determine that the appellee was not voluntarily restricting his bending. The doctor also said that he gave the patient certain exercises, known as the stiff leg raising, which consisted of having the patient lie flat on his back and attempt to raise his leg in a perpendicular position with the knees stiff. He testified that appellee was unable to raise his stiff leg as high as an ordinary person should be able to, and that he was able to determine that the appellee's failure to raise his leg to a perpendicular position was due to his inability to do so and not voluntary. The doctor testified that he examined appellee on two different occasions and upon each one of them he had X-ray pictures made. He had these X-ray pictures with him at the time of the trial and exhibited them to the jury. He explained wherein appellee's back was injured and what was causing his trouble. The court did not err in permitting the doctor to testify, under all of the circumstances in this case.

■ Appellant also contends that the court erred in not striking certain portions of the doctor's testimony. It does not point out just what portions it wanted stricken. From the statement of facts it appears that perhaps what appellant is asking to be stricken is that part relating to the result of the exercises given appellee and the indications of pain when he was gouged by the doctor. We feel that the explanations given by the doctor on his voir dire examination and on his lengthy cross-examination demonstrate that this testimony was properly admitted. We recognize the rule that a doctor who is not a treating physician, and who examines a patient only for the purpose of making a report and testifying if necessary, cannot base his opinion as to the condition of the patient upon the history of the case as related to him by the patient. This rule is set forth in such cases as Texas & General Insurance Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753; Texas Employers' Insurance Ass'n v. Ebers, Tex.Civ. App., 134 S.W.2d 797; Traders & General Insurance Co. v. Chancellor, Tex.Civ.App., 105 S.W.2d 720, 722; Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App., 70 S.W.2d 832; Gaines v. Stewart, Tex.Civ. App., 57 S.W.2d 207. On the other hand, where a doctor does not rely upon the statement of the patient other than to determine what part of the body is to be ex-

amined, and bases his opinion entirely upon his objective finding, his testimony is permissible. 17 Tex.Jur. 587, § 245; Texas Employers' Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.2d 693; Wininger v. Security Mutual Casualty Co., Tex.Civ.App., 120 S.W.2d 614; Missouri, K. & T. Ry. Co. of Texas v. Johnson, 95 Tex. 409, 67 S.W. 768; Ft. Worth & Denver City Ry. Co. v. Hays, 62 Tex.Civ.App. 369, 131 S.W. 416; Missouri Pac. Ry. Co. v. Baldwin, Tex.Com. App., 273 S.W. 834; St. Louis Southwestern Railway Co. of Texas v. Pruitt, Tex. Civ.App., 157 S.W. 236; Texas Employers' Ins. Ass'n v. Fletcher, Tex.Civ.App., 214 S.W.2d 873; Texas Employers' Insurance Ass'n v. Ebers, Tex.Civ.App., 134 S.W.2d 797; Pacific Employers' Ins. Co. v. Brasher, Tex.Civ.App., 234 S.W.2d 698; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S.W.2d 108; Texas Employers' Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, affirmed 134 Tex. 151, 132 S.W.2d 399; Brotherhood of Locomotive Firemen and Enginemen v. Raney, Tex.Civ.App., 101 S.W.2d 863.

Appellant next contends that the court erred in failing to sustain its challenge made to the prospective juror Lewis Leyendecker because the brother of Lewis Leyendecker was married to the plaintiff's wife's sister. We overrule this contention. This was not a relationship prohibited by statute. Art. 2134, § 3, Vernon's Ann.Civ. Stats., provides that, "any person related by consanguinity or affinity within the third degree to either of the parties to the suit" is disqualified to serve upon the jury. The prospective juror Leyendecker was not related within the third degree to plaintiff's wife. In Black's Law Dictionary we find the following definition of affinity:

"The connection existing, in consequence of marriage, between each of the married persons and the kindred of the other. * * * Affinity is the tie which exists between one of the spouses with the kindred of the other: thus, the relations of my wife, her brothers, her sisters, her uncles, are allied to me by affinity, and my brothers, sisters, etc., are allied in the same way to my wife. But my brother and the sister of my wife are not allied by the ties of affinity."

We agree with this definition and the prospective juror Leyendecker was not related to the sister of his brother's wife by affinity. Cortez v. State, 144 Tex.Cr.R. 116, 161 S.W.2d 495; Seabrook v. First National Bank, Tex.Civ.App., 171 S.W. 247. Furthermore, we doubt seriously if appellant has shown reversible error in the light of Rule 434, T.R.C.P., in merely showing that it was deprived of one of its six peremptory challenges by the failure of the trial court to sustain its challenge to the prospective juror Leyendecker.

The judgment of the trial court is affirmed.