**CITY OF AUSTIN, Appellant,**

v.

**Leroy POWELL, Appellee.**

No. 10409.

Court of Civil Appeals of Texas.

Austin.

June 27, 1956.

Rehearing Denied Aug. 8, 1956.

Second Motion for Rehearing Denied Oct. 10, 1956.

Doren R. Eskew, City Atty., Robert J. Potts, Jr., Thomas P. de Steiguer, Asst. City Attys., Austin, for appellant.

Jerry LeMond, Victor B. Rogers, Austin, for appellee.

GRAY, Justice.

This is a workman's compensation case wherein appellee recovered a judgment at a jury trial for permanent total disability.

Appellant became self-insured under the Workman's Compensation Law on February 1, 1955. Appellee sustained an accidental injury to his right knee on January 14, 1955, while in the course of his employment with appellant. On that day he and other employees were laying concrete sewer pipe and appellee while handling a piece of such pipe was struck by the pipe on the inside of his right knee. This injury proved very painful, appellee received treatment by a doctor and remained away from work until January 24 when he returned and continued to work until February 14, 1955. On this date while in the course of his employment he climbed or jumped into a sewer ditch and struck his right knee on or with an air hammer. This injury resulted in appellee being unable to work longer and since which time he has not worked. He has received medical treatment and has been hospitalized for his injury.

Appellee alleged that his injury has caused him to develop a limp in his right

leg which has caused his pelvic region to become unbalanced resulting in pains in his back and rendering it impossible for him to follow his usual and former occupation, that he is totally incapacitated and that his disability is total and permanent.

Three doctors testified as to the nature of appellee's injury and expressed their opinions that he was totally incapacitated to perform the labor in which he had been engaged. They agreed that his limp would cause pains in his back. They also agreed that surgery would probably cure the injury but said that result could not be assured.

Appellee testified as to the dates he sustained the alleged injuries and to his medical treatment. He testified to the time he remained away from work after the first injury, when he returned to work, how he sustained the second injury and that he was unable to work afterwards. His testimony is supported by the fact that he left his job after the first injury, later returned to work and did work until on or about February 14, 1955, that he left at that time and has not since worked although he did continue to receive pay from appellant until May, 1955.

The medical testimony is agreed that appellee has sustained an injury and its effect. Appellant however lays stress on the medical testimony to the effect that the X-rays of appellee's knee taken on or subsequent to February 18, 1955, show a deposit of calcium about the right knee caused by injury and that it would take from three to four weeks after the injury for this condition to be visible on X-rays. We will later notice this testimony.

In answer to special issues the jury found that: (1) on February 14, 1955, while descending into the sewer ditch appellee received an accidental injury; (2) he is totally disabled; (3) the injury received on February 14, 1955, was a producing cause of such total disability; (4) the total disability is permanent, and (6) the disability is not the natural result of an injury sus-

tained on or about January 14, 1955, and not the result of such injury only. Issue (5) was not answered. The jury was instructed to answer it only if they found in answer to issue (4) that appellee's disability is temporary. It asked the duration, if any, of such temporary disability.

Various instructions and definitions were included in the court's charge some of which will be later noticed.

Appellant does not say that appellee did not sustain an accidental injury. In its brief it says:

"All hands acknowledge that the plaintiff's knee was injured. There was considerable question about when and how it was injured, but it was clearly injured."

Appellant says that appellee's injury was sustained on or about January 14, 1955, at a time when it was not self-insured under the Workman's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. Appellee says that any existing condition from the injury sustained by him on January 14, was aggravated and made disabling by the injury sustained February 14, 1955, and that as a result thereof he has sustained permanent total disability.

Appellant here presents nine points. These are to the effect that: appellant was entitled to an issue of partial disability; there was no evidence of permanent total disability; issue 4 as submitted relieved appellee of proving by a preponderance of the evidence the duration of his injury; points 4 and 5 complain of the definition of the term "injury" as given by the trial court; points 6 and 7 complain of the trial court's refusal of appellant's motion for judgment because the evidence does not show that appellee's injury occurred at a time when appellant was self-insured; the definition of "preponderance of the evidence" as given by the trial court prohibited the jury's consideration of demonstrative evidence, and the judgment rendered is excessive.

Appellant's point one complains of the trial court's refusal to submit its requested issue inquiring if the injury of appellee, if any, resulted in his partial incapacity to work?

Appellant did not plead that appellee was partially incapacitated but urged only a general denial as to the alleged extent of appellee's disability. In this state of the record error is not presented. Rule 279, Texas Rules of Civil Procedure, provides that "a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part." Texas Employers' Ins. Ass'n v. Tate, Tex.Civ.App., 214 S.W.2d 877, Er. ref., n. r. e. Appellant cites and relies on Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, 282. That cause was decided January 7, 1942, and the Court said:

"* * * under the rules in force at the time this case was tried the insurance company under a general denial was entitled to show that the employee was only partially disabled as a defense to the employee's plea of total disability."

The opinion of the Court of Civil Appeals is dated May 3, 1940. 141 S.W.2d 442. The suit was based on an injury sustained July 30, 1938.

The language of the Supreme Court quoted supra makes it certain that the case was not decided under the present Rules of Civil Procedure which became effective September 1, 1941.

We hold that appellant's point one does not present error.

What we have here said does not mean that we hold that except for appellant's failure to affirmatively plead temporary or partial disability that it would be necessary to submit the issue twice.

The jury found in answer to issue 2 that appellee was totally disabled. Issue 3 was:

"Do you find from a preponderance of the evidence that the injury, if any, previously inquired about (February 14, 1955) was a producing cause of such total disability, if any, sustained by the plaintiff?

"Answer this Special Issue 'Yes' or 'No.'

"Answer: Yes."

Following issue 3 the trial court instructed the jury that:

"You are instructed that the term 'producing cause', as used in this charge, is that cause which in the natural and continuous sequence produces the disability, if any inquired about and without which the disability, if any, would not have occurred. There may be more than one producing cause of a disability."

Issue 4 was:

"If you have answered the foregoing question 'Yes', then you will answer the following question; otherwise, you need not answer it.

"Is the total disability, if any, of the plaintiff, Leroy Powell, temporary or permanent?

"Answer this Special Issue by stating 'It is temporary' or 'It is permanent.'

"Answer: It is permanent."

Appellant's point 3 complains that the trial court erred in submitting issue 4 in the manner relieving appellee of the burden of proving by a preponderance of the evidence the duration of his injury.

There was no instruction placing the burden of proof accompanying issue 4 and none in the general instructions. The general instructions simply told the jury to an-

swer the issues "from the evidence you have heard in the trial."

Appellee says appellant's point is not sufficient to present error because appellee had proved his "disability in Special Issue 2," and further says:

"But, even assuming that the objection was sufficient, defendant waived any rights it had to complain about the issue by not submitting a correct issue with instructions. Rule 279 of the Texas Rules of Civil Procedure."

Although we must examine the issues at the time they are submitted and not after they have been answered we will consider appellee's answer as it is presented. In answer to issue 2 the jury did find that appellee was totally disabled but it then was for the jury to find the duration of such total disability—whether it was permanent or temporary.

Appellee sued to recover for permanent total disability and appellant answered by a general denial. Under appellee's pleading if he failed to prove that his total disability was permanent he could, if the evidence justified it, recover for temporary total disability.

The burden of proving the duration of the total disability was on appellee. Appellant could introduce evidence under its general denial disputing appellee's right to recover but was not entitled to the submission of an affirmative issue. Rule 279, supra. Texas Employers' Ins. Ass'n v. Tate, supra. In such case the issue was definitely appellee's issue. The issue as submitted placed the burden on no one and left the jury free to make a finding from the evidence without regard to its preponderance.

We quote in full appellant's objection to issue 4:

"The defendant City of Austin objects and excepts to Special Issue Number 4 because Special Issue Number 4 assumes the existence of a disputed fact, to-wit, that Leroy Powell is permanently and totally disabled; and defendant further objects to Special Issue No. 4 because of the failure of said issue to place the burden of proof upon the plaintiff, who is charged with the burden of providing the disability of the defendant Leroy Powell."

As quoted supra the instruction preceding issue 4 and the answers to issues 2 and 3 relieved issue 4 of the objection that it assumed that appellee was permanently and totally disabled. However appellant's argument here is that issue 4 as submitted relieved appellee of the "duty of providing by a preponderance of the evidence the duration of the injury."

We are here required to apply the provisions of Rules 274 and 279, Texas Rules of Civil Procedure, to the record before us. There is a total absence in the charge of any instruction placing the burden of proof as to issue 4. The objection then was not to an instruction given but it was to the failure to give an instruction placing the burden of proof.

Rule 279, supra in part provides:

"Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

In Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1002, the Court said:

"Rule 279 applies when there is a failure to submit a definition, while Rule 274 applies when a definition is actually contained in the charge, but the complaining party objects to it because it is thought to be erroneous. When the court fails to define a term

which a litigant is entitled to have defined Rule 279 is applicable; but when, as here, the court's charge does contain a definition, but same is unsatisfactory to the litigant, Rule 274 is applicable."

In Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92, 93, the Court said:

"When the court's charge contains no instruction, the complaining party must accompany his clear and specific objections to such omission with a substantially correct definition or explanatory instruction."

■ Appellant did not tender a requested instruction placing the burden of proof as to issue 4 for which reason error is not presented.

Appellant's points 4 and 5 complain of the definition of the term "injury" as given in the charge. This definition was approved in Southern Underwriters v. Parker, Tex. Civ.App., 129 S.W.2d 738, Er. ref.

■ By its points 6 and 7 appellant says that its motion for judgment should have been granted. It argues that the only testimony showing appellee suffered an injury on February 14 is his own testimony and that it is conflicting. We noted supra that there was evidence that he quit work on February 14, that he was suffering pain, was treated by a doctor and did not return to work. Appellant lays stress on the medical testimony to the effect that X-rays taken on February 18 and later show a calcification on appellee's right knee which was caused by injury and that it would take a minimum of three to four weeks after the injury for calcium to form to such extent that it would be visible on X-rays. Appellant relies on this evidence to show that appellee could not have suffered injury on February 14. Giving full credit to this testimony it shows that on Feburary 18 calcium was present to the extent that it was visible on X-rays and that it resulted

from an injury sustained a minimum of three or four weeks prior to Feburary 18. It would not establish that appellee did not also sustain the injury on February 14 as alleged and testified to by him.

We hold that issues of fact for the jury were presented as to the time appellee sustained injury and that appellant's motion for judgment was properly overruled.

■ Appellant says that in any event appellee cannot recover for permanent total disability because he has only suffered an impairment of the use of his right leg, and that for these reasons the judgment rendered is grossly excessive. Appellee alleged and there is evidence to show that he has sustained an injury to his pelvic region and his back. Thus the alleged injury and the testimony as to such injury was not confined to the leg and compensation for a general injury was recoverable. Meyer v. Great American Indemnity Co., Tex., 279 S.W.2d 575.

■ The trial court instructed the jury that:

"In all your deliberations, and at all times while you are considering your verdict, you will confine yourselves strictly to. the evidence introduced before you in this trial."

"Simply answer the questions as you find the facts from the evidence without concerning yourselves about the effect of your answers."

"By the term 'Preponderance of the evidence,' as used in this charge is meant the greater weight of credible testimony before you."

Appellant says that appellee walked to and from the witness stand, that while testifying as a witness he was asked to and did walk before the jury and that he walked with a limp. It also says that appellee demonstrated before the jury how he handled the piece of concrete pipe on January

14. It says that from this demonstrative evidence the jury should have determined the extent of appellee's injury.

It does not say that it was prevented from arguing these facts to the jury and doubtless such facts were argued. However there was evidence given by appellee and the doctors as to the extent of the injuries and there is medical testimony that appellee was totally incapacitated.

While there is a distinction between the terms "evidence" and "testimony" the terms are often used synonymously. Superior Lloyds of America v. Foxworth, Tex.Civ. App., 178 S.W.2d 724, Er. ref., w.m. The trial court appears to have used the term synonymously for in one instance he instructed the jury to answer the questions "as you find the facts to be from the evidence" and in another instance he instructed the jury that while considering their verdict to confine themselves "strictly to the evidence."

In view of the entire record before us it is our opinion that the error complained of was not reasonably calculated to cause and probably did not cause the rendition of an improper verdict in the case. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

Affirmed.

On Appellant's Motion for Rehearing

PER CURIAM:

In regard to our holding that the objection to Special Issue No. 4 on the ground that it failed to place the burden of proof on plaintiff was insufficient without the tender of a substantially correct instruction where neither the issue nor the charge elsewhere placed the burden on anyone appellant cites, Villareal v. Reza, Tex.Civ.App., San Antonio, 236 S.W.2d 239, no writ history. This case does suppose appellant's contention that under the circumstances stated an objection alone is sufficient without preparing and presenting an instruction. Such opinion, however, was based solely upon Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, 659, which was not in point. There "The association also presented to the trial court a special charge instructing the jury as to the burden of proof on the various questions."

The same court which decided Reza in Texas Employers' Ins. Ass'n v. McMullin, Tex.Civ.App., 279 S.W.2d 699, 701, writ ref., N.R.E., made the following statement which we construe to be consistent without holding:

"Furthermore, appellant did not submit to the court a substantially correctly worded issue in connection with its affirmative defense of temporary rather than permanent injury, nor did it request an explanatory instruction setting out the burden of proof in connection with Special Issue No. 9, and is therefore not in a position to complain that its affirmative defense was not submitted nor that a separate instruction on the burden of proof in Issue No. 9 was not given."

■ We remain unconvinced that instructing the jury, whether by separate charge or by so framing the issue, as to the burden of proof is not an "explanatory instruction" with Rule 279, T.R.C.P. The fact that the instruction may be simple, as here, is of no consequence because the rule makes no distinction between simple and complicated instructions in requiring tender of a substantially correct explanatory instruction.

The motion is overruled.

Motion overruled.

On Second Motion for Rehearing

■ Appellant answers our opinion on rehearing by contending that "an explan-

atory instruction on the burden of proof" and "framing the issue so as to properly place the burden of proof" are not the same thing. In the first instance appellant concedes that in order for it to complain on appeal a correctly worded explanatory instruction must have been submitted to and denied by the trial court. In the second instance, the issue involved being one relied on by appellee, appellant asserts that a simple objection suffices.

We believe appellant to be incorrect in its premise. An explanatory instruction on the burden of proof and framing an issue so as to place the burden of proof serve the same purpose and are, in substance, equivalent, the difference being in form only.

Since the issue in question was not defective we remain convinced that an objection only was insufficient to form a valid basis for complaining that an instruction on the burden of proof either separately or by embodiment in the issue was not given.

Appellant challenges the statement in our original opinion that appellee on February 14, 1955, "while in the course of his employment he climbed or jumped into a sewer ditch and struck his right knee on or with an air hammer."

The jury found that appellee was injured on February 14 while descending into a sewer ditch—issue 1, and he testified:

"A. Yes, sir. I believe it was, when I was carrying the air hammer down into the ditch; in getting down into the ditch the end of it struck my leg."

Appellant also challenges our statement that there is evidence to support appellee's testimony that he quit work on February 14. The testimony of the witnesses as to the date February 14 may be stated to be not clear and the statement in our original opinion is accordingly so corrected. However, in view of the jury's finding the matter is not material to our decision. Moreover appellant City made no effort to dispute appellee's testimony relative to his quitting

work, returning to his job and leaving again February 14.

Our opinion is corrected as above stated and appellant's motion is in all other respects overruled.

Motion overruled.