## CITY OF AUSTIN V. LEROY POWELL.

No. A-6081. Decided February 27, 1957.
(299 S.W. 2d Series 273).

*Doren R. Eskew,* City Attorney, *Robert J. Potts, Jr.,* and *Thomas P. deSteiguer,* Assistant City Attorney, for petitioner.

The Court of Civil Appeals erred in holding that although the burden of proving the duration of permanent disability was on appellee, and that the issue as submitted placed the burden on no one, and that appellant timely objected to the issue because it failed to place the burden on plaintiff, still said court held that the error was waived by the City because it had not written out the issue relied upon by the plaintiff. Texas Emp. Ins. Ass'n. v. Lemons, 125 Texas 373, 83 S.W. 2d 658; Traders & Gen. Ins. Co. v. Jenkins, 135 Texas 232, 141 S.W. 2d 312; Employers' Liability Assur. Corp. v. Young, 203 S.W. 2d 822.

*Victor B. Rogers* and *Jerry LeMond,* both of Austin, for respondent.

Mr. Justice Norvell delivered the opinion of the Court.

The controlling question here presented is whether a trial court's error in failing to fix the burden of proof on a special issue may be preserved by an objection unaccompanied by a request for special instruction. This calls for a construction of Rules 277 and 279 of the Texas Rules of Civil Procedure. The Court of Civil Appeals while recognizing that the failure to fix the burden of proof constitutes error, held that petitioner-defendant waived same because it failed to tender a substantially correct instruction relating thereto. City of Austin v. Leroy Powell, 294 S.W. 2d 216.

This is a workmen's compensation case with the City of Austin occupying the position of insurance carrier under the provisions of Acts, 1953, 53rd Leg., p. 805, ch. 327, Article 8309e, Vernon's Ann. Texas Civ. Stats.

Special Issue No. 4 submitted by the trial judge was as follows:

"Is the total disability, if any, of the plaintiff, Leroy Powell, temporary or permanent?

"Answer this Special Issue by stating 'It is temporary' or 'It is permanent.'"

The City made the following objection:

"The defendant City of Austin * * * further objects to Special Issue Number 4 because of the failure of said issue to place the burden of proof upon plaintiff, who is charged with the burden of providing (sic) the disability of the defendant Leroy Powell."

As the objection specifically calls attention to the fact that the issue does not place the burden of proof upon the plaintiff, it is obviously effective for such purpose if an objection alone will suffice. The Court of Civil Appeals held, however, that the fixing of the burden of proof on a special issue was in effect the giving of an "explanatory instruction" and hence the following proviso of Rule 279 applied:

"Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

While there is dicta in Texas Employers' Insurance Ass'n. v. McMullin, Texas Civ. App., 279 S.W. 2d 699, wr. ref. n.r.e., that lends some basis for a distinction between a case in which the issue is framed so as to place the burden of proof and one in which a separate instruction is used for that purpose, we. think the Court of Civil Appeals in the present case correctly concluded that in principle there is no distinction between the forms of issues mentioned. The fact that a definition or an instruction appears in the body of an issue does not change its nature or essential quality and such practice is not uncommon in the Texas procedure.[1]

■ However, it does not necessarily follow that a charge fixing the burden of proof is an "explanatory instruction" as that term is used in Rule 279. The Rules provide that the "court shall submit such expalantory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge." (Rule 277.) McDonald points out that Article 2189, Revised Statutes, 1925, from which the rule is largely taken, used the expression, "explanations and definitions of legal terms," and that these terms were construed as being practically synonymous. Under the Rule, however, an ex-

---

[1] Issues of negligence and diligence provide common examples and others might be given.

"Do you find from a preponderance of the evidence that the plaintiff, as he left the office of the defendant on the occasion under inquiry, failed to keep a proper lookout for motor vehicles approaching the place where the injury occurred?

"In connection with the foregoing issue you are instructed that a proper lookout is such a lookout for approaching vehicles as an ordinarily prudent person would have kept under the same or similar circumstances.

"Do you find from a preponderance of the evidence that the plaintiff, as he left the office of the defendant on the occasion under inquiry, failed to keep such lookout for vehicles approaching the place where the injury occurred as an ordinarily prudent person would have kept under the same or similar circumstances?"

"Do you find from a preponderance of the evidence that the defendant failed to develop said premises with due diligence * * *[1]"

"Do you find from a preponderance of the evidence that defendant failed to develop said premises with such diligence as would be used by a reasonably prudent operator under the same or similar circumstances * * *?"

See, Hon. J. T. Suggs' Manual of Special Issues, 1 Stayton's Texas Forms, 343, 352.

planatory instruction is a somewhat broader term and "may be a statement of a rule of law which the jury must understand in order intelligently to deal with the special issues submitted, but which formerly might have been condemned as a general charge." 3 McDonald, Texas Civil Practice, 1082 Sec. 12.14.

Prior to the adoption of the Rules it had been held that an objection alone was sufficient to preserve the error of failing to fix the burden of proof. Texas Employers' Ins. Ass'n. v. Lemons, 125 Texas 373, 83 S.W. 2d 658; El Paso Electric Co. v. Portillo, Texas Civ. App., 37 S.W. 2d 219, wr. dism.; United States Fidelity & Guaranty Co. v. Lindsey, Texas Civ. App., 66 S.W. 2d 419, wr. dism., and in at least one case since 1941 it was indicated that the practice had not been changed by the adoption of the Texas Procedure Rules. Villareal v. Reza, Texas Civ. App., 236 S.W. 2d 239, no writ history. Undoubtedly the term "explanatory instructions" as used in Rule 279 is identical in meaning with that employed in Rule 277 and while a liberal or even literal interpretation of the Rule would include charges fixing the burden of proof, there are certain indications in the Rules themselves that point to a contrary conclusion. Where clauses using the term "explanatory instructions" appear in both Rules 277 and 279 a general application is obviously comprehended, yet both rules in one way or another specifically refer to the burden of proof. Rule 277 particularly deals with the matter of fixing such burden and directs that "where practicable, all issues should be submitted in the affirmative and in plain and simple language. It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon." This is a specific direction applicable to all special issues. Its terms are plain and unambiguous and it would seem an idle thing to require a litigant not only to object to an opponent's issue but to rewrite the issue and insert therein a direction plainly and clearly indicated by the Rule itself. We accordingly conclude that having made specific provision for the fixing of the burden of proof, it was not intended that this matter should be comprehended by the general provision relating to "explanatory instructions" contained in Rule 279. It follows that the City's objection was sufficient to save the point of error and a reversal of the judgment must be ordered.

■ We have examined petitioner's points asserting that there is no evidence supporting the jury's findings of total and per-

manent incapacity. While, as urged by petitioner, the injury suffered by respondent is largely confined to the leg and there is evidence of a favorable prognosis of recovery under proper medical and surgical treatment, yet there is evidence which supports the disputed findings. Hence the issue is one of fact and not of law and the case calls for a remand rather than a rendition of judgment.

· For the error pointed out, the judgments of the trial court and the Court of Civil Appeals are reversed and the cause remanded for another trial.

Opinion delivered February 27, 1957.