**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Antonio OLIVAREZ, Appellee.**

**No. 04–83–00550–CV.**

Court of Appeals of Texas, San Antonio.

March 27, 1985.

against Rodriguez, a party not shown to have been present at the jury selection hearing.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Robert I. Kahn, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

BUTTS, Justice.

This is a workers' compensation case. Texas Employers' Insurance Association sued Antonio Olivarez to set aside the award of the Industrial Accident Board. TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1985). Olivarez answered and became cross-plaintiff. After a judgment favorable to Olivarez, TEIA appeals, urging one point of error. We reverse and remand.

The controlling question is whether the trial court's charge to the jury failed to place on Olivarez the burden of proving the duration of total incapacity as the result of his injury. The corollary question is whether TEIA's general objection, unaccompanied by a tendered special issue or explanatory instruction preserved the error, if any.

Special issue one, along with another not pertinent here, was submitted by the trial court, prefaced by this explanatory instruction:

Answer "Yes" or "No" unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." "PREPONDERANCE OF THE EVIDENCE"

means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

\* \* \* \* \* \*

### SPECIAL ISSUE NO. 1

Was the injury of July 14, 1981, a producing cause of any total incapacity?

Answer "Yes" or "No."

We, the jury answer: *Yes*

If you have answered special issue No. 1 "Yes, then answer No. 1–A and No. 1–B; otherwise you need not answer Special Issues Nos. 1–A and 1–B, and go to Special Issue N. 2.

1–A. Find the beginning date of total incapacity. (By stating month, date and year)

ANSWER: *July 14, 1981*

1–B. Find the duration of total incapacity. (By answering "Permanent" or by stating the ending date).

ANSWER: *Permanent*

\* \* \* \* \* \*

TEIA objected to the special issue before the charge was submitted to the jury. *See* TEX.R.CIV.P. 272. The statement of facts reflects the overruling of this objection:

Defendant objects and excepts to the submission of Special Issue Number 1A and 1B because said issues fail to place the burden of proof and misplace the burden of proof.

■ Who has the burden of proof (burden of persuasion) is determined usually by the pleadings. The plaintiff has the burden on any fact asserted by him which is essential to his right of recovery. 1 C. McCORMICK & R. RAY, TEXAS LAW OF EVIDENCE, § 43, (3rd ed. 1980). This court may look for guidance to *City of Austin v. Powell,* 156 Tex. 610, 299 S.W.2d 273 (1957), a remarkably similar case. In that case no definition or explanatory instruction accompanied the objection to the failure of the charge to place the burden of proof upon the plaintiff. *See* TEX.R. CIV.P. 279, 277; *accord Villareal v. Reza,* 236 S.W.2d 239, 241 (Tex.Civ.App.—San

**94**

Antonio 1951, no writ) (decided before amendments to these rules).

 Rule 277 particularly deals with the matter of fixing such burden. However, if it is a complicated issue, it is permissible for the court to place the burden of proof by a separate instruction thereon. *City of Austin v. Powell, supra,* 299 S.W.2d at 275. That court stated that the rule's terms are unambiguous and it would seem an idle thing to require a litigant not only to object to an opponent's issue but to rewrite the issue and insert therein a direction plainly and clearly indicated by the rule itself. *Id.*

 In the present case, since it was impossible for the jury to answer special issue 1–B by "Yes" or "No," the preceding instruction defining preponderance of the evidence plainly did not apply to that issue. The instruction as submitted did not properly place the burden of proof. Olivarez, the cross-plaintiff, had the burden of proof on the issue of duration of total incapacity by a preponderance of the evidence.

We therefore conclude that TEIA's timely objection preserved the point of error, and there was no necessity to submit a requested explanatory instruction. This is because rule 277 makes specific provision for the fixing of the burden of proof and is not affected by the general provision relating to explanatory instructions found in rule 279.

We cannot agree with Olivarez that at most any error would be harmless error. He points to the "only medical testimony properly introduced" in the case, wherein the doctor stated that the disability of Olivarez was of a permanent nature. This evidence, he argues, conclusively established the permanence of the incapacity.

The duration of total incapacity was a fact issue which was required to be submitted to the jury. Had the fact issue not been so required to be submitted, or if it were one which should not have been submitted, the submission may have been harmless error. Failing to place the burden of proof on either party in the present case as to the issue of duration of total incapacity was reversible error. We sustain the point of error, reversing the judgment and remanding the case to the trial court.