**AFFIRM; and Opinion Filed August 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00581-CV

### MAXIM N. MOYAL AND DANIEL I. MOYAL, Appellants
### V.
### SECURITY SERVICE FEDERAL CREDIT UNION, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15059**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Maxim N. Moyal and Daniel I. Moyal appeal the trial court's final summary judgment rendering a take-nothing judgment on their claims against Security Service Federal Credit Union (Credit Union). In three issues, the Moyals argue the trial court erred when it granted summary judgment on: (1) the Credit Union's affirmative defense of statute of frauds; (2) their tort claims based on the Credit Union's assertion that those claims were barred by the economic loss doctrine; and (3) their claims for negligence, negligent misrepresentation, constructive fraud or failure to disclose, and fraud.[1] We conclude the Moyals have not shown that the trial court erred by granting

---

[1] The Credit Union sought no-evidence summary judgment on the Moyals' claim for exemplary damages. However, on appeal, the Moyals contend they did not "assert[] or plead for exemplary damages and the issue is not properly before the Court." Accordingly, we need not address the parties' arguments as to exemplary damages.

the Credit Union's motion for summary judgment. The trial court's final summary judgment is affirmed.

## I. PROCEDURAL BACKGROUND

On October 24, 2017, the Moyals filed their first amended petition alleging claims against the Credit Union for constructive fraud or failure to disclose, breach of contract, negligence, negligent misrepresentation, and fraud. On February 16, 2018, the Credit Union filed its second amended answer generally denying the allegations and asserting several affirmative defenses, including the statute of frauds, and the economic loss rule.

On March 21, 2018, the Credit Union filed its motion for summary judgment seeking: (1) no-evidence summary judgment on the Moyals' claims for breach of contract, negligent misrepresentation, gross negligence, fraud, constructive fraud or failure to disclose, exemplary damages, and malice; and (2) traditional summary judgment on its (a) affirmative defense of statute of frauds as to the Moyals' breach of contract claims and (b) all of the Moyals' tort claims on the basis that the tort claims arise from the same alleged contract that formed the basis of their breach-of-contract claims, so those claims are barred by the economic loss rule. On April 13, 2018, the Moyals filed their response to the motion for summary judgment. On April 20, 2018, the trial court signed the final summary judgment, granting the Credit Union's motion for summary judgment and ordering that the Moyals take nothing on their claims.

## II. STANDARD OF REVIEW

An appellate court reviews the grant of summary judgment de novo. *See Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). When reviewing both traditional and no-evidence summary judgments, an appellate court considers the evidence in the light most favorable to the nonmovant. *See Smith v O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When a party has moved for summary judgment on

both traditional and no-evidence grounds, an appellate court typically first reviews the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166(a)(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If a trial court's order does not specify the grounds for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

### III.  BREACH OF CONTRACT AND STATUTE OF FRAUDS

In issue one, the Moyals argue the trial court erred when it granted the Credit Union's traditional motion for summary judgment on its affirmative defense of the statute of frauds. The Credit Union responds that the Moyals did not meet their burden to present evidence of a valid contract and the breach of that contract. Also, the Credit Union argues that the Moyals failed to raise an issue of material fact as to its affirmative defense and the Moyals' counter-defense of partial performance.

The Credit Union sought summary judgment on the Moyals' breach-of-contract claims on two separate bases. First, the Credit Union sought no-evidence summary judgment as to two elements of the Moyals' breach-of-contract claims, i.e., the existence of a contract and breach of that contract by the Credit Union. Second, the Credit Union sought traditional summary judgment on its affirmative defense of the statute of frauds. In their response to the motion for summary judgment, the Moyals stated "[t]he only issue [the Credit Union] appears to urge [sic] a no-evidence point is [the Credit Union's] [summary judgment challenge to their claims for exemplary damages]." Consistent with that statement, their response does not address the Credit Union's no-evidence motion for summary judgment on their breach-of-contract claims.

Further, on appeal, the Moyals were required to challenge both the traditional and no-evidence grounds on which summary judgment could have been granted as to their breach-of-contract claims. *See Moore v. Panini Am., Inc.*, No. 05-15-01555-CV, 2016 WL 7163899, at \*4 (Tex. App.—Dallas Nov. 7, 2016, no pet.) (mem. op.). However, the Moyals do not challenge the no-evidence summary judgment.[2] It is well settled that we must affirm a summary judgment if the appellant fails to challenge every independent ground on which the judgment might be based. *See Malooly*, 461 S.W.2d at 121; *see also St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 313–18 (Tex. App.—Dallas 2018, pet. pending) (en banc) (applying rule to a motion to dismiss and plea to the jurisdiction). Because the Moyals do not challenge all possible grounds supporting the trial court's summary judgment as to the Moyals' breach-of-contract claims we must affirm the trial court's summary judgment as to those claims.

Issue one is decided against the Moyals.

### IV.  TORT CLAIMS

In issue two the Moyals argue the trial court erred when it granted summary judgment on their tort claims based on the Credit Union's assertion that those claims were barred by the economic loss doctrine. In issue three, the Moyals contend the trial court erred when it granted summary judgment on their claims for negligence, negligent misrepresentation, constructive fraud or failure to disclose, and fraud. The Credit Union responds, among other things, that, as to its no-evidence motion for summary judgment on the Moyals' tort claims, the Moyals did not present evidence for those claims.

In their first amended petition, the Moyals alleged the following tort claims against the Credit Union: constructive fraud or failure to disclose, negligence, negligent misrepresentation,

---

[2] The only argument in the Moyals' brief on appeal that could be construed to address the no-evidence summary judgment on their breach of contract claims is the following sentence which appears under their second issue on appeal: "The facts recited under II above demonstrate a basis for maintenance of both contractual and fraud actions." However, the Moyals do not follow this statement with any additional argument, authorities, or references to summary judgment evidence. And, the only part "II" in the Moyals' appellate brief is their "Index of Authorities."

and fraud. The plaintiff has the burden on any fact asserted by him which is essential to his recovery. *See generally Tex. Emp'rs Ins. Ass'n v. Olivarez*, 694 S.W.2d 92, 93 (Tex. App.—San Antonio 1985, no writ).

As to the Moyals' tort claims, the Credit Union sought: (1) no-evidence summary judgment on the Moyals' claims for negligent misrepresentation, gross negligence, fraud, constructive fraud or failure to disclose, exemplary damages, and malice; and (2) traditional summary judgment on the grounds that all of the tort claims arise from the same alleged contract that formed the basis of their breach of contract claims, so those claims are barred by the economic loss rule. In their response to the motion for summary judgment, the Moyals stated that "[t]he only issue [the Credit Union] appears to urge [sic] a no evidence point is [the Credit Union's] [summary judgment challenge to their claims for exemplary damages]." The Moyals' arguments in response to the motion for summary judgment conform with this statement. For example, with respect to the tort claims, the Moyals argued the Credit Union "has not established that the negligent representation is not one of existing fact," "has not established that the complained of representation is not actionable," "has not shown that the various representations are not actionable as a matter of law," and "has not established that it had no duty to disclose."

Further, on appeal, the Moyals' argument appears to challenge the granting of traditional summary judgment on their tort claims rather than the no-evidence motion filed by the Credit Union because the Moyals' argument shifts the burden of proof to bring forward evidence to the Credit Union. *Compare* TEX. R. CIV. P. 166a(c) (traditional summary judgment requires movant to establish there is no genuine issue of material fact and moving party entitled to judgment as a matter of law) *with* TEX. R. CIV. P. 166a(i) (no-evidence summary judgment required unless nonmovant produces summary judgment evidence raising genuine issue of material fact). In their brief, the Moyals refer only to the standard of review applicable to a traditional summary judgment.

Then, in their argument, the Moyals contend "[the Credit Union] has not shown that the various representations are not actionable as a matter of law," and "[the Credit Union] in its Motion does not cite to any proffered summary judgment evidence, by affidavit or otherwise, that negates either of the admitted instances in which a duty to disclose exist." Further, the Moyals do not point to or provide record citations to any summary judgment evidence they contend raises a fact issue as each element of their tort claims challenged by the Credit Union's no-evidence summary judgment. See TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made with appropriate citations to record). Although the Moyals make some general statements about the facts without reference to the record and argue those facts are "strong circumstantial evidence" of their claims and must be determined in their favor because they are the nonmovants, they do not connect those facts to each challenged element of their tort claims or otherwise show how the evidence raised a genuine issue of material fact precluding no-evidence summary judgment on their tort claims. Accordingly, we conclude the Moyals have not shown the trial court erred when it granted no-evidence summary judgment on their tort claims.

Issue three is decided against the Moyals. Because we have determined the trial court did not err when it granted no-evidence summary judgment on the Moyals' tort claims, we need not address issue two where the Moyals challenge the trial court's traditional summary judgment on their tort claims based on the Credit Union's assertion that those claims were barred by the economic loss doctrine.

## V. CONCLUSION

The Moyals have not shown that the trial court erred when it granted the Credit Union's motion for summary judgment.

The trial court's final summary judgment is affirmed.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

180581F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAXIM N. MOYAL AND DANIEL I.
MOYAL, Appellants

No. 05-18-00581-CV     V.

SECURITY SERVICE FEDERAL
CREDIT UNION, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-15059.
Opinion delivered by Justice Osborne;
Justices Schenck and Reichek,
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Security Service Federal Credit Union recover its costs of this appeal from appellants Maxim N. Moyal and Daniel I. Moyal.

Judgment entered this 26th day of August, 2019.