R. H. BAKER & CO., a corporation, and Edward H. Schustack, Appellants,

v.

SMITH-BLAIR, INC., a corporation, Appellee.

No. 18627.

United States Court of Appeals Ninth Circuit.

April 29, 1964.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellant Schustack is the owner of Patent No. 2,713,352 on a pipe repair clamp; appellant R. H. Baker & Co. manufactures the patented device. Appellee manufactures competing devices. Appellee brought an action under 28 U.S.C.A. § 2201 seeking a declaration that appellee's pipe repair clamp did not infringe appellant Schustack's patent, and that the patent was invalid. Appellants counterclaimed, alleging infringement and demanding damages. This is an appeal from a judgment that appellee's device did not infringe the Schustack patent. We affirm.

## I

The district court required the jury to return a special verdict pursuant to Rule 49(a), Federal Rules of Civil Procedure.[1] The jury answered all questions relating to issues of fact bearing upon validity favorably to the Schustack patent, but the district court declined to adjudge the patent valid. Appellants assign this refusal as error.

We think the district court was right. Assuming the questions were proper[2] and the jury's answers provided the basis for a judgment of validity, we nonetheless agree with the district court that "in no event should a judgment hold

C. G. Stratton, Neil G. McCaroll, Robert L. Harrington, Los Angeles, Cal., for appellants.

A. Donham Owen and Melville Owen, San Francisco, Cal., for appellee.

1. Rule 49(a) reads:
 "(a) Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

2. We do not decide whether the questions put to the jury successfully distinguished the legal and factual elements of patentable invention and presented to the jury only the latter. See, e. g., Griffith Rubber Mills v. Hoffar, 313 F.2d 1, 2 (9th Cir. 1963); National Lead Co. v. Western Lead Prods. Co., 291 F.2d 447, 451 (9th Cir. 1961), and cases cited; Walker on Patents (Deller's ed. Supp.1962 at 33).

a patent valid, but not infringed." See, e. g., Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943); Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); Lockwood v. Langendorf United Bakeries, Inc., 324 F.2d 82, 91–92 (9th Cir. 1963); Kemart Corp. v. Printing Arts Research Labs., Inc., 201 F.2d 624, 634 (9th Cir. 1953); Patent Scaffolding Co. v. Up-Right, Inc., 194 F.2d 457, 461 (9th Cir. 1952).[3]

## II

The court submitted eight questions to the jury designed to obtain a jury determination of the specific factual disputes which developed at the trial in connection with the general issue of infringement. Appellants argue that infringement, as such, is a question of fact,[4] and that they were therefore entitled to have a jury answer to the direct inquiry, "Does the accused clamp infringe upon Claim 1 of the patent in suit?"

 We think the district court acted within its discretion in declining to put the suggested question to the jury. "Under Rule 49(a) the court has complete discretion as to whether a special or general verdict is to be returned" (5 Moore's Federal Practice 2204 (2d ed. 1951)), and this discretion extends to determining the form of the special verdict and interrogatories, provided, of course, that the questions asked are adequate to obtain a jury determination of the factual issues essential to judgment. McDonnell v. Timmerman, 269 F.2d 54, 58 (8th Cir. 1959); Thorp v. American Aviation & Gen. Ins. Co., 212 F.2d 821, 830 (3d Cir. 1954); De Eugenio v. Allis-Chalmers Mfg. Co., 210 F. 2d 409, 415 (3d Cir. 1954); 2B Barron & Holtzoff, Federal Practice and Procedure § 1054 at 337 (1961).

## III

The first of the eight questions submitted to the jury on the issue of infringement reads as follows: "Is the accused device composed of elements which were either new as compared with Claim 1 of the patent in suit or already in the public domain in 1953 at the time said device was designed?" The jury was instructed, "If your answer to the above question is 'Yes', the foreman should so indicate the jury's answer and he should then date and sign the verdict without answering any of the other questions and you should then return to the courtroom with the verdict."

The jury answered the question "Yes," and returned its verdict in accordance with the instruction. The district court based its judgment of noninfringement upon this verdict and, alternatively, upon certain findings by the district court itself.

Appellants contend that it was error to base a judgment of noninfringement upon the special verdict because the jury's affirmative answer to the question did not exclude the possibility that both the patented and accused devices were a new combination of the same or equivalent elements from the prior art. Appellants further contend that the district court could not correct the error by basing the judgment upon the court's own findings, because to do so would deny appellants a jury trial.

3. Appellants' reliance upon Neff Instrument Corp. v. Cohu Electronics, Inc., 298 F.2d 82 (9th Cir. 1961), is misplaced; the court there held moot the question involved here. See n. 12 at 88.

4. Appellants cite Shubin v. United States District Court, 313 F.2d 250, 251 (9th Cir. 1963); and Martin v. Be-Ge Mfg. Co., 232 F.2d 530, 532 (9th Cir. 1956). Appellee responds with United States v. Esnault-Pelterie, 303 U.S. 26, 30, 58 S. Ct. 412, 82 L.Ed. 625 (1938); Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 36, 50 S.Ct. 9, 74 L.Ed. 147 (1929); Kemart Corp. v. Printing Arts Research Labs., Inc., 201 F.2d 624, 627 (9th Cir. 1953); and Stuart Oxygen Co. v. Josephian, 162 F.2d 857, 859 (9th Cir. 1947), which hold that infringement may be determined as a question of law where the relevant facts are undisputed, but this is scarcely such a case.

"A special verdict must, of course, be construed in the light of the surrounding circumstances * * *." McVey v. Phillips Petroleum Co., 288 F.2d 53, 59 (5th Cir. 1961). We think the disputed question, when viewed in the context of the whole record, submitted the actual controversy between the parties on the issue of infringement to the jury, and that the jury's answer therefore provided a proper basis for the judgment of noninfringement.

Appellants contended that appellee's president knew of the patented device and simply copied it. On the other hand, appellee contended that the accused device was not copied from the patented device but rather from an expired patent (Harrison Patent No. 737,404, Aug. 25, 1903), and an unpatented hand vise combining the same elements, to which were added a ball and socket and wedge not found in prior art. In pretrial memoranda, throughout the testimony, and in closing arguments, the infringement issue was framed in terms of whether appellee's device was copied from Schustack's patent on the one hand, or, on the other, from the Harrison patent and hand vise with improvements not found in Schustack's patent.

For example, in closing argument appellee's counsel summarized in detail the evidence that appellee's president had developed the accused device directly from Harrison and the hand vise, and then stated, with reference to the question here in dispute:

"Now, the rule of law that will be applied there is where you copy a prior art device you cannot infringe,

and that is one of our principal defenses.[5] I want to read that question to you again, that is, No. 1.

"'Is the accused device composed of elements which were either new as compared with Claim 1—'

"Let's stop there a minute. What was new in the accused device? The new thing was the ball and socket as against a straight cylindrical member. The other new thing was this wedge to grasp the split band. So that was new.

"Then going on with the question:

"'—of the patent in suit or already in the public domain in 1953 at the time said device was designed?'

"And what was in the public domain was the use of the arms with a round pivot point and with the fulcrum right in the middle of the fulcrum block. So that everything in the accused device is either new or is found in the Harrison patent."

The closing argument of appellants' counsel was built on the same understanding of the infringement issue. "Harrison," appellants' counsel said, "is the horse to beat." And with respect to the question in dispute, "I think that we have answered that the accused device is not new, it follows the patent in suit. It couldn't be new. He copied Schustack. He had it right beside him and he admits that he knew all about it. No, the part that he had was not new and it was not in the public domain. That is, Question 1 under infringment, I would say, is no."

5. The court instructed the jury, "that when a patent expires it becomes part of the public domain and anyone has a right to practice the teachings of the patent. Thus, where a device is found to have been copied from the prior art which is in the public domain, it cannot infringe any other patent." Appellants object to the instruction on the same ground as they object to the disputed question, that is, that it does not exclude the possibility that appellee might have infringed appellants' patent by assembling from various prior art sources in the public domain the same new combination of old elements as appellants had patented. But like the disputed question, the instruction was not deficient when considered in context. It stated the law with respect to the defense actually tendered by appellee, that is, that the accused device was copied solely from Harrison, a single prior expired patent, and the combination of equivalent elements in the public domain hand vise.

The reasonable conclusion from this record is that in answering the disputed question the jury resolved the conflict in evidence in appellee's favor, and concluded that the accused device was copied from the expired Harrison patent and the hand vise, with the addition of a ball and socket and wedge, which were new with respect to the patent in suit. So read, the special verdict required a judgment that the accused device did not infringe Schustack.[6]

### · IV

■ Appellants argue that the jury should have been permitted to answer the remaining seven questions relating to infringement. We agree with appellee that, wholly aside from Rule 49(a), this contention is precluded by appellants' failure to object to the instruction that the remaining questions need not be answered if the disputed question was answered affirmatively

■ The court called attention to the instructions, as well as the questions, and asked counsel, "Is there any objection to any of the instructions * * * ?" Appellants' counsel offered objections to the disputed question but none to the instruction. His objection on motion for new trial following the verdict came too late.

Appellants argue that objection to the instruction was necessarily implied in their objection to the question to which it related. But appellants' only objection of substance to the disputed question was that it failed to exclude the possibility that both the patented and accused devices were a new combination of the same elements from prior art. We have found that objection to be without merit, and appellants made no objection which could be construed as an objection to giving the instruction even if the question itself were unobjectionable.[7]

### V

■ The issue of file wrapper estoppel was submitted to a judge sitting without a jury in a prior trial. In the subsequent trial of the general issues of validity and infringement, appellant proposed an instruction purporting to summarize the conclusions reached by the judge in the earlier trial, as reflected in his memorandum opinion. The instruction was refused.

The first trial determined only that nothing which occurred in the patent office proceeding estopped appellants from asserting that the claims of the patent in suit were sufficiently broad to cover the accused device.[8] This issue was not presented in the second trial. We think the proposed instruction would not have enlightened the jury, and might well have led to confusion.

---

6. The district court also based its judgment on an alternative ground. The court concluded that if the disputed question did fail to submit to the jury any issue of fact necessary to a determination of infringement, then by the terms of Rule 49(a) appellants waived their right to jury trial on the omitted issue by failing to demand its submission to the jury. The court therefore made its own finding of noninfringement, as permitted by the rule. Since we are satisfied that in the context of this record the jury's affirmative answer to the disputed question provided an adequate basis for the judgment of noninfringement, we do not consider this alternate ground for the judgment.

7. Since appellants must be regarded as having agreed that if the jury answered the first question on infringement in the affirmative, the remaining questions need not be answered, we do not consider appellants' objections to the form of several of the subsidiary questions, or appellants' contention that since appellee in closing argument conceded the facts covered by two of the seven subsidiary questions, "judgment" as to these factual details should have been entered for appellants.

8. Recent applications of the doctrine in this court are found in Engelhard Indus., Inc. v. Research Instrumental Corp., 324 F.2d 347 (9th Cir. 1963), and Oregon Saw Chain Corp. v. McCulloch Motors Corp., 323 F.2d 758 (9th Cir. 1963). See 2 Walker on Patents § 249 (Deller's ed. 1937).

Appellants proposed an instruction that changes in "form," as distinguished from those of "substance" or "principle," were unimportant in determining infringement. Assuming the instruction was otherwise unobjectionable, the court properly concluded that it was inappropriate since in this case the jury was not asked to determine the broad issue of infringement as such, and the instruction was not necessary to an understanding of the specific questions which the jury was asked to answer. Appellants' proposed instruction as to the doctrine of equivalency was properly refused for the same reason. "Use of the special verdict eliminates the necessity for and use of complicated instructions on the law, which are a normal concomitant of the general verdict." 5 Moore's Federal Practice 2207 (2d ed. 1951).

We have examined appellants' remaining specifications of error in light of the record, and find them without merit.