T. Moana CARVALHO, individually and as Special Administratrix of the Estate of Manuel S. Carvalho, Deceased; Manuel C.K. Carvalho, Michael K. Carvalho and Cynthia U. Kanuha, Plaintiffs-Apellants,

v.

RAYBESTOS–MANHATTAN, INC., etc., et al., Defendants-Appellees.

No. 85–1711.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 24, 1986.

Decided July 11, 1986.

L. Richard DeRobertis, Gary O. Galiher, Gary, Galiher & Associates, Honolulu, Hawaii, for plaintiffs-appellants.

Rollin Wong, Paul Devens, Ikazaki, Devens, Lo, Youth & Nakano, Honolulu, Hawaii, for defendants-appellees.

Before FERGUSON, CANBY, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant Moana Carvalho (plaintiff or Carvalho), appeals from the decision of the district court finding her cause of action barred by Hawaii's two-year statute of limitations for tort claims, Hawaii Rev.Stat. § 657–7. We vacate the decision of the district court and remand for a new trial on the statute of limitations issue.

## I

Plaintiff, acting as administratrix of her husband's estate, filed this action against defendant-appellee Raybestos-Manhattan (Raybestos) and other producers and distributors of asbestos-related products on July 28, 1980, seeking damages for the death of her husband Manuel Carvalho (Manuel). Manuel worked at the Pearl Harbor Naval Shipyards from 1941 through 1971, and died of asbestosis and asbestos-related lung cancer on September 4, 1978. The jury awarded $213,046.62 in compensatory damages against twelve manufacturers,[1] and $500,000 in punitive damages against Raybestos.

At trial there was conflicting evidence regarding when the cause of action accrued. The district court instructed the jury that plaintiff had to prove each element of the cause of action by a preponderance of the evidence. The court also posed two special interrogatories to the jury on the question of accrual, asking the jury to specify the date on which Carvalho was informed or should have known (1) that he was suffering from asbestos-related cancer and asbestosis, and (2) that these diseases were the result of Raybestos' negligence or Raybestos' defective products. The district court denied Carvalho's request to inform the jury of the reason for the interrogatories. The court also declined to instruct the jury that Raybestos had the burden of establishing the date on which plaintiff's cause of action accrued, even though both parties had proposed such instructions.

In answer to the special interrogatories the jury found that Carvalho knew or should have known that his illness was asbestos related and that his illness was attributable to the defendants' negligence or defendants' defective products on July 5, 1978. Accordingly, the district court concluded that the cause of action was barred by the two-year statute of limitations in section 657-7, and set aside the award.

Plaintiff petitioned for a new trial arguing that the jury's findings regarding Carvalho's knowledge on July 5, 1978 were not supported by substantial evidence, and that the district court committed error by not informing the jury of the significance of the interrogatories or instructing the jury that Raybestos had the burden of proof regarding accrual. The district court denied the motion, finding sufficient evidence to support the verdict and concluding that any error in failing to instruct on the burden of proof for accrual was harmless. Plaintiff filed this timely appeal. 28 U.S.C. § 1291.

## II

■ Taken as a whole the instructions and interrogatories must fairly present the issues to the jury. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1337 (9th Cir.1985); *R.H. Baker & Co. v. Smith-Blair, Inc.*, 331 F.2d 506, 508 (9th Cir.1964). If the issues are fairly presented, the district court has broad discretion regarding the precise wording of the instructions and interrogatories. *R.H. Baker*, 331 F.2d at 508.

Although Hawaii has not addressed the issue, other jurisdictions have consistently recognized that placing the burden of proof on the wrong party in a civil action generally constitutes reversible error. *See, e.g., Voigt v. Chicago & Northwestern Railway*, 380 F.2d 1000, 1004 (8th Cir.1967) (citing cases); *Hersch Buildings, Inc. v. Steinbrecher*, 198 Neb. 486, 253 N.W.2d 310, 312–13 (1977); *Schumann v. McGinn*, 307 Minn. 446, 240 N.W.2d 525, 531 (1976); *Deckard v. Adams*, 246 Ind. 123, 203 N.E.2d 303, 305–06 (1965). These courts have emphasized that the burden of proof affects all aspects of the jury's verdict and that it is impossible to determine whether the erroneous burden of proof was outcome determinative. *See, e.g., Schumann*, 240 N.W.2d at 531.

Courts have also concluded that the failure to give any burden of proof instruction may constitute reversible error under circumstances similar to this case. *Texas Employers' Insurance Association v. Olivarez*, 694 S.W.2d 92, 93–94 (Tex.App.1985)

---

**1.** Raybestos is the only defendant participating in this appeal; all other defendants have settled.

*(Olivarez); Lewis v. Washington Metropolitan Area Transit Authority,* 463 A.2d 666, 672–73 (D.C.App.1983). In *Lewis* certain building owners sued the Washington Area Transit Authority (WATA) and Dravo Corporation, which was building a subway for WATA, for damages to their building allegedly caused by negligent construction of the subway. The building had been leased to another company and operated as a shoe store by Gilbert Tebeleff. After finding cracks in the building Tebeleff accepted a payment from defendants and signed a release. The cost of repairs later turned out to be much greater than the amount defendants paid to Tebeleff. The owners sued defendants, and defendants argued that the release by Tebeleff was binding on the owners because Tebeleff was acting as the owners' agent. Defendants had the burden of proof regarding agency because agency was part of the affirmative defense. *Lewis,* 463 A.2d at 672. The trial court instructed the jury that the owners had the burden of proving their case, but declined to instruct that defendants had the burden of establishing agency. *Id.* at 672–73. The appellate court reversed finding that the failure to instruct on the defendants' burden to prove agency was error. *Id.* at 673. The court concluded that the error was not harmless because of the potentially misleading general burden of proof instruction, and the closeness of the agency issue. *Id. See also Olivarez,* 694 S.W.2d at 93–94 (finding interrogatories which failed to provide the jury any indication that the plaintiff had the burden of proof regarding the duration of incapacity in workmen's compensation action reversible error).

### III

■ We conclude that the Hawaii courts would follow the above authorities and find that the district court committed reversible error by instructing the jury that plaintiff had the burden of proof on all elements of the cause of action without instructing that Raybestos had the burden of proving accrual.

■ Under Hawaii law the defendant has the burden of proof on all affirmative defenses, including the statute of limitations. Hawaii R.Civ.P. 8(c); *Henry Waterhouse Trust Co. v. Freitas,* 33 Hawaii 139, 148 (1934); *Ferry v. Carlsmith,* 23 Hawaii 589, 592 (1917). This includes the burden of proving facts which are essential to the asserted defense. *Waterhouse Trust,* 33 Hawaii at 148. A cause of action accrues under Hawaii law when the plaintiff knows, or through the exercise of reasonable diligence should know, of his injury, the defendant's negligence (or violation of a duty), and the causal connection between the two. *Yamaguchi v. Queen's Medical Center,* 65 Hawaii 84, 648 P.2d 689, 693–94 & n. 10 (1982); *Jacoby v. Kaiser Foundation Hospital,* 1 Hawaii App. 519, 622 P.2d 613, 617 (1981). Thus, under Hawaii law, Raybestos had to establish that Carvalho knew, or should have known, the elements which trigger accrual under *Jacoby* before July 28, 1978.

The district court erred because the instructions and interrogatories did not fairly inform the jury that Raybestos had this burden. As in *Lewis, supra,* the general burden of proof instruction given by the district court was misleading. A juror will not understand that the questions regarding accrual are not elements of the plaintiff's cause of action unless the instructions or interrogatories specify the distinction. The district court's failure to give any instruction on the burden of proof for accrual had the effect of placing the burden on Carvalho because of the general burden of proof instruction that was given.

■ This error was not harmless. Under Hawaii law " '[e]rroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.' " *Ouedding v. Arisumi Brothers,* 66 Hawaii 335, 661 P.2d 706, 710 (1983) (quoting *Turner v. Willis,* 59 Hawaii 319, 582 P.2d 710, 715 (1978)). The evidence regarding when Manuel knew or should have known that his illness was asbestos related and that he

had a cause of action against Raybestos is conflicting. On the record before us, we cannot say that the erroneous burden of proof did not affect the jury's determination of the date of accrual.[2]

## IV

The decision of the district court is VACATED and this action is REMANDED to the district court for a retrial of the statute of limitations issue. Should the retrial result in a determination that Carvalho's claim is not time barred, the previous jury award should be reinstated. *See* 28 U.S.C. § 2106; *cf. Southwest Marine, Inc. v. Campbell Industries,* 732 F.2d 744, 747 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984).

---

2. Because the issue is capable of repetition on remand, we note that the district court did not abuse its discretion in refusing to inform the jury of the consequences of the answers to the interrogatories. Fed.R.Civ.P. 49 is designed to prevent the jury's view of the correct result from interfering with factual findings. *See Walther v. Omaha Public Power District,* 412 F.2d 1164, 1170 (8th Cir.1969); *Thedorf v. Lipsey,* 237 F.2d 190, 193–94 (7th Cir.1956); *see*

*generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2509 (1971). The district court properly exercised its discretion to protect this objective.