999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David FIGUEROA, Plaintiff-Appellant,
v.
Bishop Joseph FERRARIO, The Diocese of Honolulu; the Church
of Saint Anthony, in Kailua, Hawaii, Defendants-Appellees.
 No. 91-16843.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided July 6, 1993.
 
 Before: LAY,** HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The issues in this diversity case are (1) whether Figueroa's claims of battery, clergy malpractice, breach of fiduciary duty, and negligence are barred by the Hawaii statute of limitations, and (2) whether Figueroa's defamation claim fails because the alleged defamatory statements were privileged and the speaker did not speak with malice.
 
 
 3
 The district court granted the defendants' motion for summary judgment. The court's jurisdiction was based upon 28 U.S.C. § 1332. We have jurisdiction over Figueroa's timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 4
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Essentially, we affirm for the reasons expressed in the order of the district court.
 
 I.
 
 5
 Figueroa's claim was not filed until 1991, although the alleged sexual abuse ended in 1982. To survive Hawaii's two-year statute of limitations, Haw.Rev.Stat. § 657-7, Figueroa urges application of the discovery rule, under which a cause of action does not accrue until the party "discovers or should have discovered the negligent act, the damage, and the causal connection between" the two. See Yamaguchi v. Queen's Medical Ctr., 648 P.2d 689, 693-94 (Hawaii 1982); see also Carvalho v. Raybestos-Manhattan, Inc., 794 F.2d 454, 456 (9th Cir.1986) (construing Hawaii law and applying discovery rule to Haw.Rev.Stat. § 657-7 in asbestosis claim).
 
 
 6
 Hawaii case law indicates that Hawaii would extend the discovery rule to cases of sexual abuse. However, Figueroa's February 27, 1986, letter to the archbishop detailing his accusations against the defendants and the harm caused to him evidences the discovery that marks the commencement date for the statute of limitations. Figueroa's subsequent affidavit does not establish otherwise.
 
 
 7
 The district court properly held that Figueroa's non-defamation claims were barred by the statute of limitations.
 
 II.
 
 8
 Figueroa claims that Ferrario defamed him and exceeded the scope of his qualified privilege to respond to the accusations in order to protect his reputation. Figueroa concedes that the privilege extended to denial of the allegations, but that Ferrario exceeded the scope of the privilege by excessive publication that Figueroa's accusations were untrue. The bishop's denials of the accusations were within the scope of the qualified privilege. The bishop published his denials on a scale comparable to the plaintiff's accusations. No material issue of fact existed on this issue.
 
 
 9
 Summary judgment was granted properly. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge, for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3