**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERLINDA DOMINGUEZ, | No. 11-15099 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00094-SOM-BMK |
| v. | |
| ROY CHANG; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Erlinda Dominguez, an attorney, appeals pro se from the district court's

judgment dismissing her diversity action alleging legal malpractice against her

former attorneys. We have jurisdiction under 28 U.S.C. § 1291. We review de

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We affirm.

The district court properly dismissed Counts I through III, and the part of Count IV that was premised on pre-judgment conduct, as time-barred because Dominguez filed this action more than six years after she knew or should have known of defendants' purported negligence.  *See Blair v. Ing*, 21 P.3d 452, 469 & n.12, 472 (Haw. 2001) (under Hawaii law, a six-year statute of limitations applies to legal malpractice claims, and the statute begins to run when the plaintiff knew or should have known of the defendant's negligence); *see also Carvalho v. Raybestos-Manhattan, Inc.*, 794 F.2d 454, 456 (9th Cir. 1986) ("A cause of action accrues under Hawaii law when the plaintiff knows, or through the exercise of reasonable diligence should know, of his injury, the defendant's negligence (or violation of a duty), and the causal connection between the two.").

The district court properly dismissed the remainder of Count IV because Dominguez failed to allege sufficient facts to show that defendants' post-judgment conduct amounted to legal malpractice.  *See Thomas v. Kidani*, 267 P.3d 1230, 1234 (Haw. 2011) (setting forth the elements of a legal malpractice claim under Hawaii law and discussing causation).

The district court did not abuse its discretion by declining to apply the law of

the case doctrine to the motion to dismiss because the issues in question were not decided explicitly or by necessary implication in the order granting Dominguez leave to file the first amended complaint. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2000) (setting forth the standard of review and discussing the law of the case doctrine).

Dominguez's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**